PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, | CASE NO. 1:10CV01461 |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| v. | |
| KPMG LLP, *et al.*, | **MEMORANDUM OF OPINION AND ORDER** (Resolving ECF Nos. 67, 93, 95 & 97 (in part)) |
| Defendants. | |

Plaintiff Louisiana Municipal Police Employees Retirement System individually and on behalf of others who purchased publicly traded securities of Deibold, Inc. filed a putative private securities fraud class action against KPMG LLP ("KPMG"), Diebold, Inc. ("Diebold"), Gregory T. Geswein ("Geswein"), Kevin J. Krakora ("Krakora"), and Sandra K. Miller ("Miller") alleging violations of (1) Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 and (2) Section 20(a) of the Exchange Act of 1934. ECF No. 85 (second amended complaint).

Currently pending before the Court are Defendant Miller's Motion for Partial Stay of Overlapping State Court Proceedings and For Coordination of Discovery (ECF No. 67); Defendant Krakora's Motion to Strike Certain Allegations in Plaintiff's Second Amended Complaint (ECF No. 93); Defendant Geswein's Motion to Dismiss Plaintiff's Second Amended Complaint and to Strike Certain Allegations Therefrom (ECF No. 95); and, Defendant Diebold's Motion to Strike Plaintiff's Second Amended Complaint (ECF No. 97).

For the following reasons, the Court denies Defendant Miller's motion for a partial stay

(1:10CV01461)

as moot; grants Defendant Krakora's motion to strike; and grants the portions of Defendants Geswein and Diebold's motions regarding striking Plaintiff's allegations preceding June 30, 2005.

## I. Discussion

### A.

Defendant Sandra Miller's ("Miller") has moved the court to stay discovery in a State shareholder derivative action captioned *Levine v. Geswein*, Case No. 2010CV3848, pending before the Honorable Judge Frank Forchione in the Court of Common Pleas, Stark County Ohio.[1] ECF Nos. 67, 67-2. In her motion, Defendant Miller seeks to stay discovery in the State shareholder derivative action pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78a–4(b)(3)(B), and the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78u–4(b)(3)(D).[2] ECF No. 67-1. Miller's motion to stay is premised on the PSLRA's provision automatically staying discovery during the pendency of a motion to dismiss. Miller's motion to stay is now moot because her motion to dismiss, in the instant case, has been denied. *See* ECF Nos. 42; 82.

---

[1] Defendants Diebold and Geswein filed separate statements in support of Miller's motion to stay discovery in the State derivative action. *See* ECF Nos. 72; 73.

[2] The PSLRA provides for a mandatory stay of discovery while a motion to dismiss is pending in a private action brought under the federal securities laws. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("in any private action arising under this Chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless . . . particularized discovery is necessary to preserve evidence or to prevent undue prejudice . . ."). The SLUSA provides that "[u]pon a proper showing, a court may stay discovery proceedings in any private action in state court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph." 15 U.S.C. § 78u-4(b)(3)(D).

(1:10CV01461)

**B.**

Pursuant to Fed. R. Civ. P. 12(f),[3] Defendants Krakora, Geswein, and Diebold separately move to strike all of Plaintiff's allegations that precede June 30, 2005 in accordance with the Court's September 30, 2011 Order (ECF No. 82). ECF Nos. 93; 95; 97. In its Order, the Court held that "[a]ll allegations that a defendant participated in the alleged fraud that precede June 30, 2005 are barred by the five-year statute of repose." ECF No. 82 at 10-11. The Court further ordered Plaintiff to submit a second amended complaint reflecting this ruling and, in so doing, specifically cautioned that the new amended complaint "shall not include allegations outside of the five-year repose period." ECF No. 82 at 26. For reasons unclear to the Court, Plaintiff has ignored the Court's instruction, and justified the inclusion of such allegations in its second amended complaint. ECF No. 85.

The Court, therefore, grants Defendants' motions with respect to striking Plaintiff's allegations that precede June 30, 2005. Plaintiff's second amended complaint (ECF No. 85) shall be further amended to conform to the Court's initial instruction to strike all allegations occurring prior to June 30, 2005, by no later than February 21, 2012.

To the extent that this overdue amendment makes necessary modifications to any other pending motions, Counsel is hereby ordered to consult among themselves and, if necessary, to suggest a jointly agreed upon schedule to permit required but expedient modifications, for the Court's approval. Counsel may also move the Court for reimbursement of attorney fees and

---

[3] Fed. R. Civ. P. 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

(1:10CV01461)

costs incurred as a result of Plaintiff's failure to comply with the Court's instructions, in the first instance.

## II. Conclusion

For the aforementioned reasons, the Court denies Defendant Sandra Miller's motion to stay discovery in the State shareholder derivative action as moot (ECF No. 67); and grants Defendants Kevin Krakora, Gregory Geswein, and Diebold's motions to the extent they regard striking Plaintiff's allegations preceding June 30, 2005 (ECF Nos. 93; 95; 97).

    IT IS SO ORDERED.

| February 14, 2012 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |