PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, | CASE NO. 1:10cv01461 |
| Plaintiffs, | |
| | JUDGE BENITA Y. PEARSON |
| v. | |
| KPMG, LLP., *et al.*, | |
| | **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 110] |
| Defendants. | |

This action is before the Court upon the Motion for Reconsideration filed by Plaintiffs on February 21, 2012. ECF No. 110. For the reasons set forth below, the Court grants Plaintiffs' Motion for Reconsideration, and partially modifies its previous Order (ECF No. 109) as it pertains to Plaintiffs.

**I. Background**

This case is brought by Plaintiffs pursuant to Section 10(b) and Section 20(a) of the Securities and Exchange Act of 1934, and Rule 10b-5, 17 C.F.R. § 240.10(b)-5. On September 30, 2011, the Court entered an memorandum of opinion and order denying Defendants' motions to dismiss[1], and directing Plaintiffs to file an amended complaint that did not include allegations outside of the five year period of repose[2]. ECF No. 82. On October 18, Plaintiffs filed a Second

---

[1] The Defendants motioning for dismissal were KPMG, Diebold, Miller, Geswein and Krakora. ECF No. 82.

[2] Certain claims of Plaintiffs were precluded by the statute of limitations in securities fraud cases, and the Court ordered Plaintiffs to remove all allegations occurring before June 30, 2005. ECF No. 82 at 11, 26.

(1:10cv01461)

Amended Complaint ("SAC"), eliminating the seven paragraphs specifically enumerated in the Court's September 30th Order, but otherwise retaining all allegations outside the five year period of repose.  ECF No. 85.

On November 18, Defendants Krakora, Geswein and Diebold filed motions to strike the pre-repose period allegations in Plaintiffs' SAC.  ECF Nos. 93; 95; 97.  Plaintiffs responded (ECF No. 99), and the Defendants replied (ECF Nos. 100; 102; 104).  On February 14, 2012, the Court issued an Order and Opinion granting Defendants' motions to strike.  ECF No. 109.  On February 21, Plaintiffs filed a Motion for Reconsideration of the Court's February 14th Order granting Defendants' motions to strike pre-2005 allegations in the SAC.  ECF No. 110.  Defendants responded (ECF Nos. 112; 113;[3] 114; 118), and Plaintiffs replied (ECF No.119).  Plaintiffs argue the Court erred in striking allegations from the pre-repose period because case law precludes only claims outside the repose period, not allegations, and thus urge the Court to reconsider its Order striking allegations outside the repose period.  ECF No. 110.  This matter is ripe for consideration.

## II.  Legal Standard

The authority to reconsider denial of a motion to dismiss before final judgment has been entered is well established.  *E.g.*, Fed.R.Civ.Pro. 54(b); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("[a] court has the power to revisit prior decisions of its own ... in any circumstance.").  While a motion for reconsideration should not be used to re-litigate

---

[3] Although Defendant Miller did not motion the Court to strike allegations prior to 2005, she chimed in opposing Plaintiffs' Motion for Reconsideration on this issue.  ECF No. 113.

(1:10cv01461)

issues previously considered, courts traditionally will find justification for reconsidering interlocutory orders when there is: 1) an intervening change of controlling law; 2) new evidence; or 3) a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. App'x. 949, 959 (6th Cir. 2004) (unpublished disposition) (citing *Reich v. Hall Holding Company*, 990 F.Supp. 955, 965 (N.D.Ohio 1998)). Here, the need to correct an error justifies revisiting the prior decision granting Defendants' motions to strike.

### III.  Discussion

A statute of limitation or repose bars claims but not factual allegations that pre-date the period in question. The Supreme Court has made clear that a statute of limitation or repose does not bar factual evidence supporting a timely claim. *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002) ("Nor does the statute bar...prior acts as background evidence in support of a timely claim."); *see also United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) (even conduct that cannot be "the basis for a timely charge...may constitute relevant background evidence in a proceeding.").

The Sixth Circuit has held "[s]tatutes of limitations apply to claims, not the evidence supporting the claims." *Boggs v. Kentucky*, 1996 WL 673492, at *2 (6th Cir. Nov. 20, 1996). As explained in *Black Law Enforcement Officers Ass'n v. Akron*:

> It is clear that the district court err[s] in using the statute of limitations to bar the admission of evidence.  The function of a statute of limitations is to bar stale claims. *American Pipe & Constr. v. Utah*, 414 U.S. 538, 554, (1974).  "The statute of limitations is a defense..., not a rule of evidence. Therefore,...[it] has no bearing on the admissibility of evidence." *United States v. Ashdown*, 509 F.2d 793, 798 (5th Cir. 1975), cert. denied, 423 U.S. 829, (1975).  The decision

3

(1:10cv01461)

> whether to admit evidence is based on its relevancy and probativeness...not on whether the evidence is derived from events that occurred prior to a certain time period.

824 F.2d 475, 482-83 (6th Cir. 1987); *Wells v. New Cherokee Corp.*, 58 F.3d 233, 236 (6th Cir. 1995) (noting that the plaintiff "may offer" a defendant's time-barred "conduct as evidence of its motivation"); *NAACP v. Mansfield*, 866 F.2d 162, 168 n.4 (6th Cir. 1989) ("Even though the statute of limitations may have expired on claims arising out of the department's past hiring decisions, evidence of those decisions is admissible if relevant.").

The Supreme Court in *Matrixx Initiatives, Inc. v. Siracusano*, a federal securities fraud case, underscored this principle by relying upon factual allegations that pre-dated the class period to support its finding that the complaint at issue satisfied the PSLRA's pleading standard. 131 S.Ct. 1309, 1314 (2011). There, the class period stretched from October 22, 2003 to February 6, 2004. *Id*. However, the Supreme Court used facts describing information that the defendants had received from alarmed researchers in 1999 and 2002 and September 2003 to support its finding of class period liability. *Id*. at 1314-5.

The Sixth Circuit has also held in a securities fraud action that allegations describing facts known to the defendants twenty years before the alleged misstatements were made nonetheless were proper in alleging the falsity and scienter of the defendants' class period statements. In *City of Monroe Employees Retirement Sys. v. Bridgestone*, the court considered "the known background of the 1979 recall" which "makes it that much more reasonable to impute scienter" as to defendants' 2001 misstatements. 399 F.3d 651, 684 fn. 27 (6th Cir. 2005). District courts in the Sixth Circuit have followed this reasoning in addressing pre-class period factual allegations

4

(1:10cv01461)

in securities fraud cases. *See Garden City Emps.' Ret. Sys. v. Psychiatric Solutions, Inc.*, 2011 WL 1335803, at *52 n.6 (M.D. Tenn. Mar. 31, 2011) ("Pre-class period facts can 'confirm what a defendant should have known during the class period.'"); *In re Officemax, Inc. Sec. Litig.*, 2002 WL 33959993, at *3 (N.D. Ohio Mar. 26, 2002) (assessing scienter in light of pre-class period events).[4]

Aside from noting Plaintiffs' SAC willfully disobeyed the Court's Order[5], Defendants cannot offer the Court relevant case law nor make substantive arguments for omitting the pre-class period allegations.[6]  In light of overwhelming case law supporting Plaintiffs' contention that

---

[4] Other Circuits are in agreement. *See, e.g. In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001) (reversing a decision in part because "the district court faulted plaintiffs for employing pre-class period information in their pleadings, and for not relying instead on sales data from the relevant period" and noting, "[p]re-class data is relevant in this case, however, to establish that at the start of the class period, defendants had a basis for knowing increased Goosebumps sales were unlikely in the third quarter due to marked decreased sales experienced in the second quarter." *See also, Greebel v. FTP Software, Inc.*, 194 F.3d 185, 202 (1st Cir. 1999) (finding allegations pre-class period relevant and stating "evidence of past practice may indeed be probative of present practice.")

[5] The Court notes Plaintiffs' "interpretation" of the Court's September 30th Order (ECF No. 82) was clearly erroneous.  The Order stated, "[a]ll allegations outside of the five-year statute of repose are, nevertheless, dismissed.  Plaintiffs are directed to file an amended complaint within 21 days of the filing of this order.  That amended complaint shall not include allegations outside of the five-year period of repose." ECF No. 82 at 26.  This sentence does not say "claims" nor does it say "allegations that the Court had relied upon in denying defendants' motions to dismiss."  Furthermore, as one defendant argued, if the Court needed only to remove the seven paragraphs enumerated it could have done so itself.

The Court does not at this time resolve the motions for attorney fees — those motions are still pending on the docket.

[6] Defendant Diebold argues some of Plaintiffs' cited case law deals with evidence rules, and is therefore irrelevant to pleading issues. ECF No. 112 at 3.  The Court notes some cases Plaintiffs cite do relate to rules of evidence, but does not find this alarming.  One cannot include allegations outside the class period to meet heightened pleading requirements of class period

5

(1:10cv01461)

pre-class period allegations should remain in pleadings to aid in establishing certain elements of the class period claims, the Court finds the pre-class period allegations proper.

### IV. Conclusion

For the reasons stated above and pursuant to Fed. R. Civ. Pro. 54(b), the Court grants Plaintiffs' Motion for Reconsideration. ECF No. 110. Upon review, the Court modifies its Order, ECF No. 109, in part, and denies Defendants' motions to strike.

IT IS SO ORDERED.

| | |
|---|---|
|  August 31, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

claims if such evidence is admissible later at trial to determine liability. To find such allegations are not allowed in the pleadings would destroy the action at its earliest stage, and such claims would not survive to ever see rules of evidence.