PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, | ) ) CASE NO. 1:10cv01461 |
| Plaintiffs, | ) ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) ) |
| KPMG, LLP., *et al.*, | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** [Regarding ECF Nos. 94; 95; 96; |
| Defendants. | ) 97. |

This action is before the Court upon the Motions to Dismiss filed by Defendants Miller, Geswein, Krakora and Diebold on November 18, 2011.  ECF Nos. 94; 95; 96; 97.  For the reasons set forth below, the Court denies the motions as moot or duplicative.

I.

This case is brought by Plaintiffs pursuant to Section 10(b) and Section 20(a) of the Securities and Exchange Act of 1934, and Rule 10b-5, 17 C.F.R. § 240.10(b)-5.  On September 30, 2011, the Court entered an memorandum of opinion and order denying Defendants' motions to dismiss[1], and directing Plaintiffs to file an amended complaint that did not include allegations outside of the five year period of repose[2].  ECF No. 82.  On October 18, Plaintiffs filed a Second Amended Complaint ("SAC"), eliminating the seven paragraphs specifically enumerated in the

---

[1] The Defendants motioning for dismissal were KPMG, Diebold, Miller, Geswein and Krakora and were brought pursuant to Fed. R. Civ. Pro. 12(b)(6).  ECF No. 82.

[2] Certain claims of Plaintiffs were precluded by the statute of limitations in securities fraud cases, and the Court ordered Plaintiffs to remove all allegations occurring before June 30, 2005.  ECF No. 82 at 11, 26.

(1:10cv01461)

Court's September 30 Order, but otherwise retaining all allegations outside the five year period of repose. ECF No. 85.

Prior to the Court's Order (ECF No. 82), Defendant Miller filed a notice of recent authority, alerting the Court to the newly decided Supreme Court opinion *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. ___, 131 S. Ct. 2296 (2011). ECF No. 65. Plaintiffs responded (ECF No. 66), and Miller replied (ECF No. 69).

After the Court issued its Order (ECF No. 82), Defendant Geswein filed a Motion for Reconsideration on October 13, 2011 based upon *Janus*. ECF No. 83. On October 18, Plaintiffs filed the Second Amended Complaint (SAC). ECF No. 85. On October 20, Defendant Krakora filed a Motion for Reconsideration based upon *Janus*. ECF No. 87. On October 31, Plaintiffs filed an opposition (ECF No. 91), and Krakora replied on November 10. ECF No. 92.

On November 18, a flurry of motions were filed. Defendants filed motions to strike portions of Plaintiffs' SAC (ECF Nos. 93; 95; 97) and new motions to dismiss the SAC (ECF Nos. 94; 95; 96; 97). Plaintiffs filed an opposition to the motions to dismiss and strike (ECF No. 99) and Defendants replied. ECF No. 100; 101; 102; 104. The Court issued an Order granting the motions to strike. ECF No. 109. Plaintiffs filed a Motion for Reconsideration (ECF No. 110), Defendants responded (ECF No. 112; 113; 114; 118), and Plaintiff replied (ECF No. 119).

II.

On August 31, the Court issued a Memorandum of Opinion and Order (ECF No. 137) resolving the motions to reconsider the Court's September 30 Order based upon *Janus*. (ECF Nos.65; 83; 87). Also on August 31, the Court issued a Memorandum of Opinion and Order

2

(1:10cv01461)

(ECF No. 138) resolving Plaintiffs' Motion for Reconsideration (ECF No.110). Remaining unresolved are the Defendants' motions for dismissal of the SAC.

Because the Court's August 31 Order (ECF No. 137) dispenses with the *Janus* issue, the portions of the motions to dismiss filed by Defendants Geswein[3], Krakora and Miller arguing dismissal pursuant to *Janus* are declared moot. Because the Courts August 31 Order (ECF No. 138) retains previously struck allegations in the complaint, the portions of the motions to dismiss filed by Defendants Geswein, Krakora and Miller urging dismissal because Plaintiffs can no longer meet the pleading requirements after the pre-class allegations are removed are declared moot.[4]

Remaining in Defendants motions to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) are the same set of arguments the Defendants made in their first batch of 12(b)(6) motions. Given that Plaintiffs' operable complaint does not change drastically from the Amended Complaint (ECF No. 35) the first set of motions to dismiss were based upon, the Court declares these

---

[3] In his Motion to Dismiss the SAC, Defendant Geswein explained to the Court he did not file a reply to his motion for reconsideration based upon the *Janus* decision, ECF No. 83, because he believed the reconsideration motions were mooted by the SAC. ECF No. 95 at 3. As Defendant Geswein further noted, another reconsideration motion was filed by Defendant Krakora after the SAC (ECF No. 87) and that Plaintiffs filed an opposition after the SAC (ECF No. 91). Because the motions for reconsideration based upon *Janus* were never ruled upon, and given the dynamics of the second batch of motions to dismiss based upon the challenged SAC, the Court resolved the motions for reconsideration based upon *Janus*, (ECF No. 137) and dispenses with the second batch in this Order. The Court assures Defendant Geswein his full briefings based upon *Janus* were considered, though still found wanting.

[4] Arguably Defendant Miller was the only Defendant directly effected by the seven struck paragraphs that remain omitted in the SAC, and as her Rule 10b-5 claims were dismissed pursuant to *Janus*, that issue resolves itself.

3

(1:10cv01461)

portions of the motions moot or duplicative.[5]

### III.

For the reasons stated above, the motions to dismiss filed by Defendants Miller, Geswein, Krakora and Diebold, ECF Nos. 94; 95; 96; 97, are dismissed as moot or duplicative.

IT IS SO ORDERED.

| | |
|---|---|
|   August 31, 2012 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[5] *See, e.g., Limbright v. Hofmeister*, 2010 WL 1740905, at *2 (E.D. Ky. Apr. 27, 2010) (denying successive motion to dismiss as barred by Rule 12(g) and (h) despite amendment to complaint); *Williamson v. Recovery Ltd. P'ship*, 2009 WL 3172648, at *4 (S.D. Ohio Sept. 30, 2009) (same).