PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, | ) ) ) | CASE NO. 1:10cv1461 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| KPMG LLP, *et al.*, | ) ) ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION AND ORDER** [Regarding ECF No. 147] |

This matter is before the Court upon the Joint Motion to Dismiss Party filed by Plaintiff Building Trades Union Pension Trust Fund (the "Fund") and Defendant Sandra Miller.  ECF No. 147.  The parties jointly move the Court pursuant to Federal Rule of Civil Procedure 21 for an Order dismissing all claims raised in this action by the Fund against Miller with prejudice, with each party to bear its own costs and attorneys' fees.  ECF No. 147.  In addition, Miller agrees to withdraw her previously filed Motion for Attorneys' Fees (ECF No. 126).  ECF No. 147.

The Court notes that pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B), the Fund has been designated Lead Plaintiff of this putative class action; Ribbons Geller Rudman & Dowd LLP have been designated Lead Counsel; and Landskroner Grieco Madden LLC as Liaison Counsel.  ECF No. 33.  As such, the Fund speaks for all plaintiffs in its motion to dismiss the action against Miller.

(1:10cv1461)

The Fund has not indicated it has communicated with the other plaintiffs in this action in moving to dismiss Miller.  Oddly, the joint motion does not include the address of liaison counsel[1] nor does it include the electronic mailing list,[2] a departure from all other previously filed documents by the Fund since its designation as Lead Plaintiff.  Furthermore, the joint motion at issue is signed by the attorney as "Attorneys for Plaintiff, Building Trades Union Pension Trust Fund" rather than signed by the attorney as " Lead Counsel for Plaintiff," as had been the custom. It would appear, therefore, as though Lead Plaintiff is attempting to dismiss Miller as a party individually, and not on behalf of the rest of the plaintiffs.  This is contrary to the Fund's role as Lead Plaintiff.

The purpose of lead plaintiff designation is to achieve efficiency and economy without jeopardizing fairness to the parties.  *See* MANUAL FOR COMPLEX LITIGATION (4th) § 10.221; AM. JUR. 2D FEDERAL COURTS § 551; 3 NEWBERG ON CLASS ACTIONS § 9:35 (4th e.d.).  This is hardly achieved by allowing a lead plaintiff to independently dismiss a party to an action then presumably leave other plaintiffs with no legal representation or even knowledge as to the changed circumstances.  If the Fund is acting pursuant to some other authority or with another purpose in mind, that authority or purpose is not obvious to the Court.

---

[1] The joint motion was signed by lead counsel with the notation "(per consent)" but it is unclear to the Court who the consenting party/parties is/are.

[2] The electronic mailing list includes the attorney for the plaintiff who had initially filed the action and had previously motioned for designation of lead counsel, Geoffrey M. Johnson. *See, e.g.*, ECF Nos. 136 at 8; 22; 1.

(1:10cv1461)

In light of the most recent Memorandum of Opinion and Order issued by the Court (ECF Nos. 137; 138; 139), it appears as though the case against Miller has become somewhat threadbare.  The Court, therefore, is inclined to approve the dismissal.  However, the Court will not eschew proper procedure in doing so.

The Court will expect the Fund to file a brief indicating it has contacted the other plaintiffs in this matter.[3]  The Fund will further inform the Court as to the proper procedure for approving such dismissal, citing to appropriate Federal Rules of Civil Procedure and applicable case law.  In the future, the Fund will be expected to state with clarity in the body of a document filed with the Court whether it is purporting to act on its own, or as Lead Plaintiff.


        IT IS SO ORDERED.


  October 15, 2012                                        /s/ Benita Y. Pearson
Date                                                    Benita Y. Pearson
                                                        United States District Judge

---

[3]  If the Fund relies upon the argument that communication with all plaintiffs would be too burdensome, the Court will expect an explanation as to why, and, further, expect the Fund to communicate with the plaintiffs it would not be too burdensome to communicate with, such as plaintiff counsel listed in the electronic mailing list, for example.