UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 1:10-cv-01461-BYP<br><br>CLASS ACTION<br><br>Judge Benita Y. Pearson |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| KPMG, LLP, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated as of November 8, 2013 (the "Stipulation"), is made and entered into by and among the following Settling Parties to the above-entitled Litigation: (i) the Lead Plaintiff, Building Trades United Pension Trust Fund, and the Alaska Electrical Pension Fund (the "Additional Class Representative" and together with Lead Plaintiff "Class Representatives") (on behalf of themselves and each of the Class Members); and (ii) Diebold, Inc. ("Diebold" or the "Company"), Gregory T. Geswein and Kevin J. Krakora (together the "Diebold Defendants"); and (iii) defendant KPMG, LLP ("KPMG" and collectively with the Diebold Defendants, the "Defendants"), by and through their respective counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I. THE LITIGATION

On June 30, 2010, this class action was filed by the Louisiana Municipal Police Employees Retirement System in the United States District Court for the Northern District of Ohio (the "Court"). By Court Order dated September 30, 2010, plaintiff Building Trades United Pension Trust Fund was appointed Lead Plaintiff, and Robbins Geller Rudman & Dowd LLP was appointed Lead Counsel. On December 6, 2010, Lead Plaintiff filed the Amended Class Action Complaint for Violation of the Securities Exchange Act of 1934 (the "Complaint") against Diebold, three of its former financial and accounting executives[1] and its auditor KPMG, for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. The Complaint alleged that the Diebold Defendants and Ms. Miller fraudulently manipulated the Company's earnings and financial performance, which caused Diebold to publish materially false

---

[1] Sandra K. Miller, Diebold's former Director of Corporate Accounting, was subsequently dismissed from the suit voluntarily, with prejudice.

and misleading financial results during the Class Period, and that KPMG, as the Company's outside auditor during the Class Period, was aware of these accounting manipulations but nevertheless issued unqualified audit reports throughout the Class Period.

On February 4, 2011, each named Defendant separately filed a motion to dismiss the Complaint. On September 30, 2011, the Court denied each Defendant's motion to dismiss the Complaint. The Court, however, ordered that all allegations outside of the five-year statute of repose were dismissed and directed Lead Plaintiff to file an amended complaint that did not include allegations outside of the five-year repose period. Lead Plaintiff filed the Second Amended Class Action Complaint for Violation of the Securities Exchange Act of 1934 ("Second Amended Complaint") in response to this order on October 18, 2011.

On November 18, 2011, each of the Diebold Defendants separately filed a motion to dismiss the Second Amended Complaint. KPMG answered the Second Amended Complaint on November 30, 2011. All of the Diebold Defendants' motions to dismiss were denied on August 31, 2012.

Also on November 18, 2011, Defendant Krakora filed a motion to strike the allegations in the Second Amended Complaint that preceded the five-year repose period. On February 14, 2012, the Court granted these motions to strike. Lead Plaintiff filed a motion for reconsideration of this order on February 21, 2012. Lead Plaintiff's motion for reconsideration was granted on August 31, 2012.

Each of the Diebold Defendants separately answered the Second Amended Complaint on October 30, 2012.

On March 12, 2013, the parties participated in an all-day mediation session with the Honorable Layn Phillips (Ret.) presiding, which did not yield an agreement. After the March mediation, the Settling Parties continued to engage in settlement negotiations with the assistance of Judge Phillips.

861165_6

On May 17, 2013, Lead Plaintiff filed a motion for class certification, with Building Trades United Pension Trust Fund and Alaska Electrical Pension Fund nominated as class representatives. The motion for class certification was pending at the time the parties reached an agreement to settle. At the time of settlement, the parties had exchanged interrogatory and document requests and responses, but no documents had yet been produced by any party.

In June 2013, the parties reached an agreement-in-principle to settle the Litigation with the assistance of Judge Phillips. Subsequently, the Settling Parties continued negotiations resulting in the terms and conditions set forth in this Stipulation.

## II. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation; continue to believe the claims asserted against them in the complaints are without merit; and have agreed to enter into the settlement solely to avoid the expense, distraction, time and uncertainty associated with continuing the Litigation.

Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. They also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation and have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. CLAIMS OF THE CLASS REPRESENTATIVES AND BENEFITS OF SETTLEMENT

The Class Representatives believe that the claims asserted in the Litigation have merit. However, the Class Representatives recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through

- 3 -

appeals. The Class Representatives also have taken into account the uncertain outcome and the risk of any litigation, especially in complex class actions such as this Litigation, as well as the difficulties and delays inherent in such litigation, including in obtaining class certification. The Class Representatives are also mindful of the inherent difficulties of proof under and possible defenses to the securities law violations asserted in the Litigation and the uncertainties of collecting any damages that might be awarded at trial. The Class Representatives believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, the Class Representatives and Lead Counsel have determined that the settlement set forth in this Stipulation is in the best interests of the Class.

## IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Class Representatives (for themselves and each of the respective Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.     Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3     "Class" means all Persons who purchased Diebold Publicly Traded Securities between June 30, 2005 and January 14, 2008, inclusive. Excluded from the Class are Defendants, members of the immediate families of Defendants, as well as the officers and directors of Diebold

and KPMG during the Class Period, and members of their immediate families. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Proposed Settlement of Class Action.

1.4 "Class Member" or "Member of the Class" mean any Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5 "Class Period" means the time period between June 30, 2005 and January 14, 2008, inclusive.

1.6 "Class Representatives" means Building Trades United Pension Trust Fund and the Alaska Electrical Pension Fund.

1.7 "Defendants" means Diebold, Gregory T. Geswein, Kevin J. Krakora and KPMG.

1.8 "Diebold" means Diebold, Inc.

1.9 "Diebold Publicly Traded Securities" means Diebold's common stock and put and call options.

1.10 "Effective Date" means the first date by which all of the events and conditions specified in ¶9.1 of the Stipulation have been met and have occurred.

1.11 "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.12 "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court

holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the final determination of that motion or appeal (including any petition for a writ of certiorari) in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation of the Settlement Fund. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of allocation and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.13 "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.14 "KPMG" means KPMG, LLP.

1.15 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

1.16 "Liaison Counsel" means Landskroner • Grieco • Merriman, LLC.

1.17 "Litigation" means the action *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP.

1.18 "Notice Order" means the order described in ¶3.1 hereof.

1.19 "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.20 "Plaintiffs" means any plaintiff that has appeared in the Litigation.

1.21    "Plaintiffs' Counsel" means any counsel who has appeared for any plaintiff in the Litigation.

1.22    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.

1.23    "Related Parties" means, with respect to each Defendant, any and all of their past, present and future families, parent entities, subsidiaries, associates, affiliates, predecessors, successors and/or assigns and each of their respective past, present and future officers, directors, executives, partners, representatives, employees, attorneys, financial or investment advisors, underwriters, consultants, accountants, auditors, investment bankers, commercial bankers, insurers, re-insurers, agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, assigns and/or any representatives of any of these persons or entities.

1.24    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶1.28), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees and any other costs, expenses, amounts or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature concerning, based on, arising out of, in connection with or relating in any way to both: (1) the purchase of Diebold Publicly Traded Securities by Class Representatives or any Class Member during the Class Period; and (2) the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences,

representations, statements, acts or omissions or failures to act that were or could have been alleged by Class Representatives or any Class Member in the Litigation or that otherwise would have been barred by *res judicata* had the Litigation been fully litigated to a final judgment. Released Claims do not include claims to enforce the settlement.

1.25 "Released Persons" means each and all of the Defendants, and each and all of their Related Parties.

1.26 "Settlement Fund" means the principal amount of Thirty-One Million Six Hundred Thousand Dollars ($31,600,000.00) in cash, to be paid pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon.

1.27 "Settling Parties" means, collectively, each of the Defendants and the Class Representatives on behalf of themselves and each of the Class Members.

1.28 "Unknown Claims" means all claims, demands, rights, liabilities and causes of action of every nature and description which the Class Representatives or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its decision to enter into this settlement and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions,

- 8 -

rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, or which otherwise governs or limits a person's release of unknown claims. The Class Representatives and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Representatives shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, liquidated or unliquidated, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## 2. The Settlement

### a. The Settlement Fund

2.1     Defendants Diebold and KPMG shall pay or cause to be paid Thirty-One Million Six Hundred Thousand Dollars ($31,600,000.00), with $30,000,000.00 to be paid by Diebold or the Diebold Defendants' insurers, and $1,600,000.00 to be paid by KPMG, to be transferred to an account controlled by the Escrow Agent within ten (10) business days after the later of (a) entry of an order granting the motion for preliminary approval, or (b) the receipt by Defendants' counsel of wire/check payee instructions and a Form W-9 providing the tax identification number for the

escrow account. These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

**b.**                   **The Escrow Agent**

2.2     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settlement Fund shall bear all risks related to investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court or with the written agreement of counsel for Defendants.

2.4     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of the Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6     Without further approval from Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay costs and expenses reasonably and necessarily incurred by the Claims Administrator in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants and processing Proof of Claim and Release forms, subject to a maximum amount of $500,000.00. Prior to the Effective Date, additional sums for these purposes may be used and paid from the Settlement Fund upon agreement of the Settling Parties or order of the Court.

After the Effective Date, additional sums for these purposes may be used without agreement from Defendants or order of the Court.

### c.        Taxes

2.7      (a)      The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including, if necessary, the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)      For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)      All: (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their Related Parties with respect to any income earned by the

Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund. In no event shall Defendants or their Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of the Defendants and their Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without further consent of Defendants, or prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither the Defendants nor their Related Parties are responsible therefore nor shall they have any liability with respect thereto. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

(d)     For the purpose of this ¶2.7, references to the Settlement Fund shall include both the Settlement Fund and any earnings thereon.

### d.          Termination of Settlement

2.8     In the event that the Stipulation is not approved, or is terminated, canceled or fails to become effective for any reason, the Settlement Fund (including accrued interest), less expenses due

and owing in connection with the settlement and Taxes and Tax Expenses incurred or due and owing in connection with the settlement provided for herein shall be refunded as provided in ¶9.3 below.

### 3. Notice Order and Settlement Hearing

3.1 As soon as practicable after execution of the Stipulation, the Class Representatives shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Notice Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, certification of the Class for purposes of effecting the settlement only and approval for mailing the Notice of Proposed Settlement of Class Action (the "Notice"), substantially in the form of Exhibit A-1 attached hereto, and publication of a Summary Notice, substantially in the form of Exhibit A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation and the date of the Settlement Hearing.

3.2 The Notice Order also shall contain a provision prohibiting any Class Member from initiating, instigating, commencing, maintaining or prosecuting any action or proceeding in any court or tribunal that asserts any Released Claim against any Released Person, or assisting any third party in the initiation, instigation, commencement, maintenance or prosecution of any action or proceeding in any court or tribunal that asserts any Released Claim against any Released Person unless legally required to do so, pending approval of the settlement.

3.3 Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and finally approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

861165_6

3.4    If the settlement contemplated by this Stipulation is approved by the Court, the Settling Parties shall request that the Court enter a Judgment, substantially in the form annexed hereto as Exhibit B.

3.5    The Settling Parties agree that, in the event the settlement is terminated or the Effective Date does not occur for any reason, the Class shall be decertified and neither the Stipulation nor the Notice Order nor the Judgment nor any of the proceedings had in connection with the settlement shall be referred to or offered into evidence to support any argument or contention that a class could or should be certified in the Litigation.

**4.    Releases**

4.1    Upon the Effective Date, as defined in ¶1.10 hereof, the Class Representatives and the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged, and shall forever be enjoined from initiating, instigating, commencing, maintaining or prosecuting, any and all Released Claims against the Released Persons, whether or not such Class Representative or Class Member executes and delivers a Proof of Claim and Release form.

4.2    Upon the Effective Date, as defined in ¶1.10 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, except for claims to enforce this Stipulation.

4.3    With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, as defined in ¶1.10 hereof, the Class Representatives shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the

- 14 -

Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, or which otherwise governs or limits a person's release of unknown claims. The Class Representatives and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Representatives shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, liquidated or unliquidated, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4.4     Upon the Effective Date of this settlement, the Released Persons shall obtain bar order protection substantially in the form appearing in the Judgment attached hereto as Exhibit B,

- 15 -

permanently barring and enjoining the Class from initiating, instigating, commencing, maintaining or prosecuting, any action or proceeding in any court or tribunal that asserts any Released Claim against any Released Person, or assisting any third party in the initiation, instigation, commencement, maintenance or prosecution of any action or proceeding in any court or tribunal that asserts any Released Claim against any Released Person unless legally required to do so.

4.5     If any Released Claims are asserted by any Class Member against any of the Released Persons in any court or tribunal prior to the Effective Date of this settlement, Class Representatives and Lead Counsel shall join, if requested by any Defendant, in any motion to dismiss or stay such proceedings and otherwise shall use their reasonable best efforts to cooperate with Defendants to effect a withdrawal or dismissal of such claims.

## 5.     Dismissal with Prejudice

5.1     Upon the Effective Date, as defined in ¶1.10 hereof, and without any further action, notice, condition or event, the Litigation shall be dismissed with prejudice, and without an assessment of costs against any party, except as provided for in this Stipulation.

## 6.     CAFA Notice

6.1     Defendants shall no later than ten (10) days following the filing of this Stipulation with the Court serve upon the appropriate State official of each State in which a Class Member resides and the Attorney General of the United States a notice of the proposed settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA Notice and administering the CAFA Notice. At least fourteen (14) days before the Settlement Hearing, Defendants shall cause to be served on Plaintiffs' counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

861165_6

7.    **Administration and Calculation of Claims, Final Awards and
      Supervision and Allocation of the Settlement Fund**

7.1    The Claims Administrator shall administer and calculate the claims submitted by Class Members.

7.2    Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Parties shall have no responsibility therefore or liability with respect thereto.

7.3    The Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(b)    to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)    to pay Plaintiffs' Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award") when, if and to the extent allowed by the Court; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation or the Court.

7.4    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the terms of this Stipulation.

7.5    Within one hundred twenty (120) days after entry of the Notice Order, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release form and as are reasonably available to the Authorized Claimant.

- 17 -

7.6     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim.

7.7     Each Proof of Claim and Release form shall provide for the complete release and discharge of all Released Claims.

7.8     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

7.9     Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who deposited the checks sent in the initial distribution in an equitable and economical fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* (no more than $10,000.00). Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to The Federal Judicial Center Foundation.

7.10    This is not a claims-made settlement. Accordingly, once all conditions of the Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants or their insurers. Defendants and their Related Parties shall have no

responsibility for, interest in or liability whatsoever with respect to the distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses or any losses incurred in connection therewith, and no Person or entity shall have any claims of any kind against Defendants, Defendants' Counsel or any Released Person in connection therewith.

7.11    No Person shall have any claim against the Class Representatives, the Escrow Agent, Plaintiffs' Counsel, the Claims Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, a Court-approved Plan of Allocation or further order(s) of the Court.

7.12    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

## 8.    Plaintiffs' Counsel's Attorneys' Fees and Expenses

8.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of reasonable attorneys' fees; and (b) payment of reasonable expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid).  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

8.2     Lead Counsel's attorneys' fees and expenses, as awarded by the Court, shall be paid from the escrow account immediately upon award by the District Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof. Lead Counsel shall allocate the attorneys' fees in a manner in which they in good faith believe reflects the contribution of Plaintiffs' Counsel to the prosecution and settlement of the Litigation. In the event that the Effective Date does not occur or the Judgment or the fee and expense award is reversed or modified in a material respect or the Stipulation is cancelled or terminated for any other reason, and in the event that the fee and expense award has been paid to any extent, then Plaintiffs' Counsel shall be jointly and severally obligated to refund the fees, expenses, and costs previously paid from the Settlement Fund in an amount consistent with such reversal or modification, plus interest at the escrow account rate of interest, within five (5) business days after receiving notice from Defendants' counsel or from a court of appropriate jurisdiction.

8.3     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

8.4     Defendants and their Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Plaintiffs' Counsel. The sole financial

responsibility in this settlement for any of the Defendants or their Related Parties shall be as set forth in ¶¶2.1 and 6.1, above, as well as the costs of the CAFA Notice as set forth in ¶6.1 above and the costs of providing to Lead Counsel and/or the Claims Administrator pertinent shareholder transfer records available to Diebold on a reasonable and timely basis and terms, for purposes of mailing the Notice substantially in the form attached hereto as Exhibit A-1.

8.5 Defendants and their Related Parties shall have no responsibility for or liability with respect to the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

## 9. Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

9.1 The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a) the contribution to the Settlement Fund, as required by ¶2.1 hereof;

(b) Defendants have not exercised their option to terminate the Stipulation pursuant to ¶9.6 hereof;

(c) the Court has entered the Notice Order, as required by ¶3.1 hereof;

(d) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e) the Judgment has become Final, as defined in ¶1.12 hereof.

9.2 Upon the occurrence of all of the events referenced in ¶9.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶9.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶9.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

- 21 -

9.3     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, subject to the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest), less expenses and any costs which have either been disbursed or incurred pursuant to ¶2.6 hereof or Taxes and Tax Expenses, shall be refunded by the Escrow Agent to Defendants and/or their insurers based upon written instructions from Defendants' counsel. At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to Defendants and/or their insurers based upon written instructions from Defendants' counsel.

9.4     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of November 8, 2013. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.28, 2.6-2.8, 6.1, 9.3-9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

9.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Class Representatives nor Plaintiffs' Counsel shall have any obligation to repay any Taxes or Tax Expenses or any amounts actually and properly disbursed or incurred pursuant to

¶2.7 hereof at the time of such termination or cancellation, and such Tax Expenses and amounts actually and properly incurred pursuant to ¶2.7 hereof which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation. However, as stated in ¶9.3 hereof, at the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to Defendants and/or their insurers based upon the written instructions from Defendants' counsel.

9.6    If prior to the Settlement Hearing, the aggregate number of shares of Diebold common stock purchased by Persons who would otherwise be members of the Class, but who request exclusion from that Class, exceeds the sum specified in a separate supplemental agreement between the Class Representatives and Defendants (the "Supplemental Agreement"), Defendants Diebold and KPMG shall have, in their sole and absolute discretion (which must be jointly exercised), the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless required by the Court or unless and until a dispute as between the Class Representatives and Defendants concerning its interpretation or application arises.

**10.    No Admission of Wrongdoing**

10.1    This Stipulation, whether or not consummated, the Notice Order, the Judgment and any negotiations, discussions or proceedings in connection therewith shall not be:

(a)    offered or received against any Defendant or Released Person as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any Defendant or Released Person of the truth of any fact alleged by the Class Representatives and the Class Members or the validity of any claim that has been or could have been asserted in the

Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault or wrongdoing of Defendants;

(b)     offered or received against any Defendant or Released Person as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant or Released Person, or against the Class Representatives or any Class Member as evidence of any infirmity in the claims of the Class Representatives and the Class;

(c)     offered or received against any Defendant or Released Person as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder;

(d)     offered or received against any Defendant or Released Person in support of any argument that the Class or any other class should or could be certified for purposes of any claim if this Litigation were not settled; or

(e)     construed against any Defendant or Related Party, the Class Representatives or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

11.     **Miscellaneous Provisions**

11.1     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement

all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

11.2    This Stipulation, the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement between the Settling Parties as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.

11.3    No modification or amendment of this Stipulation shall be valid unless made in writing and signed by or on behalf of each party hereto or his or its respective successor in interest. No representations, warranties or inducements have been made to any party concerning the Stipulation, its Exhibits or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided for herein, each party shall bear his, her or its own costs.

11.4    The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that the Judgment will contain a statement that during the course of the Litigation the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

11.5    Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim

based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.6    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

11.7    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

11.8    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.9    Lead Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

11.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11.11    The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

11.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

11.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

11.14  The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

11.15  Diebold and KPMG warrant and represent, each as to itself only, that it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed and as of the time the payments are actually transferred or made to the Escrow Agent for the Settlement Fund as provided in the Stipulation.  In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of amounts or any portion thereof to the Settlement Fund by or on behalf of Diebold or KPMG to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required by the court to be refunded, and is in fact refunded according to the instructions given by the court, and an equivalent amount is not then promptly re-deposited in the Settlement Fund, by or on behalf of Diebold or KPMG as the case may be, then, at the election of Lead Counsel, as to the Defendant (Diebold or KPMG, as the case may be) to whom such order applies, the settlement may be terminated and the releases given and the judgment entered in favor of such Defendant pursuant to the settlement shall be null and void.  In such instance, the releases given and the Judgments entered in favor of other Defendants shall remain in full force and effect.  Alternatively, in the event, but only in the event, there have been no payments made on any claims to Class Members, Lead Counsel may elect to terminate the entire settlement as to all Defendants, and all of the releases given and the judgments entered in favor of Defendants pursuant to the settlement shall be null and void and the Class Representatives may proceed as if the settlement were never entered into.  In the event a refund is in fact made pursuant to court instruction and Lead Counsel elects to terminate the settlement as to either Diebold or KPMG but not both, then the portion of the Settlement Fund, if any, that was contributed by or on behalf of

such Defendant (including accrued interest on such portion) but was not required by the court to be refunded pursuant to this paragraph shall be returned to such Defendant by the Escrow Agent from the Settlement Fund within five (5) business days of written instructions from such Defendant's counsel. If Lead Counsel elects to terminate the entire settlement pursuant to this paragraph, then the full amount remaining in the Settlement Fund after refund of the amount required by the court to be refunded pursuant to this paragraph shall be returned to Defendants and/or their insurers in accordance with the procedures set out in ¶9.3 above.

11.16   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Ohio, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Ohio without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of November 8, 2013.

LANDSKRONER • GRIECO • MERRIMAN, LLC
JACK LANDSKRONER (0059227)

_____
JACK LANDSKRONER

1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: 216/522-9000
216/522-9007 (fax)
jack@lgmlegal.com

Liaison Counsel

ROBBINS GELLER RUDMAN & DOWD LLP
JEFFREY D. LIGHT
DEBRA J. WYMAN
SUSANNAH R. CONN

_____
DEBRA J. WYMAN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jeffl@rgrdlaw.com
debraw@rgrdlaw.com
sconn@rgrdlaw.com

Lead Counsel for Plaintiff

BAKER & HOSTETLER LLP
DANIEL R. WARREN
TERRY M. BRENNAN

_____
JOHN J. CARNEY

- 29 -

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of November 8, 2013.

LANDSKRONER • GRIECO • MERRIMAN, LLC
JACK LANDSKRONER (0059227)

_____
JACK LANDSKRONER

1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: 216/522-9000
216/522-9007 (fax)
jack@lgmlegal.com

Liaison Counsel

ROBBINS GELLER RUDMAN & DOWD LLP
JEFFREY D. LIGHT
DEBRA J. WYMAN
SUSANNAH R. CONN

_____
DEBRA J. WYMAN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jeffl@rgrdlaw.com
debraw@rgrdlaw.com
sconn@rgrdlaw.com

Lead Counsel for Plaintiff

BAKER & HOSTETLER LLP
DANIEL R. WARREN
TERRY M. BRENNAN

_____
JOHN J. CARNEY

- 29 -

PNC Center
1900 East Ninth Street, Suite 3200
Cleveland, OH 44114
Telephone: 216/621-0200
216/696-0740 (fax)
dwarren@bakerlaw.com
tbrennan@bakerlaw.com

BAKER & HOSTETLER LLP
JOHN J. CARNEY
FRANCESCA M. HARKER
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212/589-4200
212/589-4201 (fax)
jcarney@bakerlaw.com
fharker@bakerlaw.com

BAKER & HOSTETLER LLP
JONATHAN R. BARR
1050 Connecticut Avenue, NW
Washington, DC 20236
Telephone: 212/861-1500
202/861-1783 (fax)
jbarr@bakerlaw.com

Attorneys for Defendant Kevin J. Krakora

JONES DAY
JOHN M. NEWMAN, JR.
GEOFFREY J. RITTS
ADRIENNE FERRARO MUELLER
KRISTIN S.M. MORRISON

_John M. Newman, Jr._
JOHN M. NEWMAN, JR.

North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: 216/586-3939
216/579-0212 (fax)
jmnewman@jonesday.com
gjritts@jonesday.com
afmueller@jonesday.com
kmorrison@jonesday.com

Attorneys for Defendant Diebold, Inc.

ULMER & BERNE LLP
MICHAEL N. UNGAR
MELISSA L. ZUJKOWSKI

MICHAEL N. UNGAR

Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
Telephone: 216/583-7000
216/583-7365 (fax)
mungar@ulmer.com
mzujkowski@ulmer.com

MCDERMOTT WILL & EMERY LLP
STEVEN S. SCHOLES
WILLIAM P. SCHUMAN
JEFFREY A. ROSSMAN
JEFFREY BALTRUZAK

STEVENS SCHOLES
William P Schuman
227 W. Monroe Street
Chicago, IL 60606-5096
Telephone: 312/372-2000
312/984-7700 (fax)
sscholes@mwe.com
wschuman@mwe.com
jrossman@mwe.com
jbaltruzak@mwe.com

- 31 -

Attorneys for Defendant Gregory T. Geswein

VORYS, SATER, SEYMOUR AND PEASE LLP
DAVID J. TOCCO
RAJEEV K. ADLAKHA

_____
            DAVID J. TOCCO

2100 One Cleveland Center
1375 East Ninth Street
Cleveland, OH  44114-1742
Telephone:  216/479-6100
216/479-6060 (fax)
djtocco@vorys.com
rkadlakha@vorys.com

Attorneys for KPMG LLP

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:10-cv-01461-BYP <br><br> <u>CLASS ACTION</u> <br><br> Judge Benita Y. Pearson |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| KPMG, LLP, et al., | ) ) | |
| Defendants. | ) ) ) | |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

EXHIBIT A

WHEREAS, a consolidated action is pending before this Court styled *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of November 8, 2013 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation on the merits with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all capitalized terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      The Court hereby certifies a Class, preliminarily and for settlement purposes only, defined as: "All Persons who purchased Diebold Publicly Traded Securities between June 30, 2005 and January 14, 2008, inclusive.  Excluded from the Class are Defendants, members of the immediate families of Defendants, as well as the officers and directors of Diebold and KPMG during the Class Period, and members of their immediate families.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Proposed Settlement of Class Action."

3.     The Court appoints Building Trades United Pension Trust Fund Alaska and Electrical Pension Fund as the Class Representative for the Class and appoints Robbins Geller Rudman & Dowd LLP as Lead Counsel for the Class.

4.     The Court preliminarily finds that:

(a)     The proposed settlement results from informed, extensive arm's-length negotiations, including a mediation under the direction of a well-known, respected, and experienced professional mediator, Hon. Layn Phillips (ret.);

(b)     Lead Counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and

(c)     The proposed Settlement appears sufficiently fair, reasonable, and adequate to warrant sending notice of the settlement to the Class.

5.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2013, at __:__ __.m., at the United States District Court for the Northern District of Ohio, Eastern Division, 313 Thomas D. Lambros United States Federal Building and Courthouse, 125 Market Street, Youngstown, Ohio 44503, to determine whether the proposed Class should be certified on a final basis under Rule 23; whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel and the amount of expenses that should be awarded to Class Representatives.  The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

- 2 -

6. The Court reserves the right to enter its Judgment approving the Stipulation and dismissing the Litigation on the merits and with prejudice regardless whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶8-9 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Securities Act of 1933 as amended, the Securities Exchange Act of 1934 as amended, due process, and any other applicable law and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Class. Diebold shall provide, or arrange access to, pertinent shareholder transfer records available to it on a reasonable and timely basis and terms. Not later than _____, 2013 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail, postage prepaid, to all Class Members who can be identified with reasonable effort;

(b) Not later than ten (10) days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in each of *Investor's Business Daily*, *Canton Repository* and *Akron Beacon Journal*, and once over the *Business Wire*;

- 3 -

(c)     Not later than the Notice Date, the Claims Administrator shall post on its website the Stipulation and all of its Exhibits; and

(d)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

9.      Nominees who purchased Diebold Publicly Traded Securities for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all beneficial owners of such Diebold Publicly Traded Securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10.     All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

11.     Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than one hundred twenty (120) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but in any event will be bound by the Judgment.

Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

12.     Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13.     Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _____, 2014. A Request for Exclusion must be signed by the Person seeking exclusion and must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Diebold common stock beneficially owned as of June 30, 2005; (c) each of the Person's purchases and sales of Diebold Publicly Traded Securities made during the Class Period, including the dates of purchase or sale, the number of shares of common stock and/or put and call options purchased and sold, and the price paid or received for each such purchase or sale; and (d) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

14.     Any Member of the Class may appear and show cause, if he, she or it has any reason why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or

- 5 -

entitled to contest such matters, unless that Person has delivered by hand or sent by first-class mail written objections and copies of any papers and briefs such that they are received on or before _____, 2014, by Robbins Geller Rudman & Dowd LLP, Debra J. Wyman, Jeffrey D. Light, 655 W. Broadway, Suite 1900, San Diego, CA 92101; Baker & Hostetler LLP, Baker & Hostetler LLP, John J. Carney, Francesca M. Harker, 45 Rockefeller Plaza, New York, NY 10111; Jones Day, John M. Newman, Jr., Geoffrey J. Ritts, Adrienne Ferraro Mueller, Kristin S.M. Morrison, North Point, 901 Lakeside Avenue, Cleveland, OH 44114; McDermott Will & Emery LLP, Steven S. Scholes, William P. Schuman, Jeffrey A. Rossman, Jeffrey Baltruzak, 227 W. Monroe Street, Chicago, IL 60606-5096; Vorys, Sater, Seymour and Pease LLP, David J. Tocco, Rajeev K. Adlakha, 2100 One Cleveland Center, 1375 East Ninth Street, Cleveland, OH 44114-1742, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Northern District of Ohio, Eastern Division, on or before _____, 2014. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection (in this proceeding, on any appeal or in any other proceeding) to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for Lead Plaintiff, unless otherwise ordered by the Court. Defendants' Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and

served fourteen (14) calendar days prior to the deadline for objections in ¶11. Replies to any objections shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

17.    Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

18.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

19.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

20.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Notice Order, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of certifying a class other than in the specific circumstances of the Stipulation and this settlement.

21.    Pending final determination of whether the Settlement should be approved, all Class Members and anyone who acts or purports to act on their behalf, are barred and enjoined from instituting, instigating, commencing, maintaining or prosecuting, either directly or indirectly, any action or proceeding in any court or tribunal that asserts any Released Claim against any Released Person, or assisting any third party in the initiation, instigation, commencement, maintenance or

prosecution, either directly or indirectly, of any action or proceeding in any court or tribunal that asserts any Released Claims against any Released Person unless legally required to do so.

22.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

23.     If the Stipulation and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection therewith shall be null and void, of no further force or effect, and without prejudice to the rights of the Settling Parties *status quo ante*, and may not be introduced as evidence or referred to in any action or proceeding by any Person.

IT IS SO ORDERED.


DATED: _____     _____
                                   THE HONORABLE BENITA Y. PEARSON
                                   UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 1:10-cv-01461-BYP<br><br>CLASS ACTION<br><br>Judge Benita Y. Pearson |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| KPMG, LLP, et al., | ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

*If you purchased Diebold, Inc. ("Diebold" or the "Company")[1] common stock and/or put and call options (collectively, "Diebold Publicly Traded Securities") during the period from June 30, 2005 to January 14, 2008, inclusive (the "Class Period") and are not otherwise excluded from the Class (see Question 6 below), you could get a payment from a class action settlement.*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period**: Diebold common stock and/or put and call options between June 30, 2005 and January 14, 2008, inclusive.

**Settlement Fund:** $31,600,000 in cash plus any interest earned. Your recovery will depend on the timing of your purchases and sales of Diebold Publicly Traded Securities during the Class Period. Based on the information currently available to the Class Representatives and the analysis performed by its damages consultants, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution per share of common stock will be approximately $.35 before deduction of Court-approved fees and expenses, including the cost of notifying Members of the Class and administering the settlement, and any attorneys' fees and expenses awarded by the Court to counsel for the Class Representatives. Historically, actual claims rates are less than 100%, which results in higher distributions per share than if the rate were 100%. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit valid Proof of Claim and Release forms ("Proof of Claim").

---

[1]   This Notice incorporates by reference the definitions in the Stipulation of Settlement dated as of November 8, 2013 ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. The Stipulation and all of its exhibits can be obtained at www.gilardi.com.

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation, including the danger of no recovery.

**If the Case Had Not Settled:**  Continuing with the case could have resulted in loss at summary judgment, trial or on appeal.  The two sides vigorously disagree on both liability and the amount of money that could have been won if the Class Representatives prevailed at trial.  The parties disagree about both liability and damages, including: (1) the method for determining whether the price of Diebold Publicly Traded Securities was artificially inflated during the relevant period; (2) whether there was any such inflation and the amount of any such alleged inflation, and associated damages if the Class were to have prevailed on liability; (3) whether there was any wrongdoing on the part of Defendants; (4) the extent that various facts alleged by the Class Representatives influenced the trading price of Diebold Publicly Traded Securities during the Class Period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the federal securities laws.

**Attorneys' Fees and Expenses:**  Court-appointed Lead Counsel will ask the Court for attorneys' fees of approximately 22%, or $6,870,000, of the Settlement Fund[2] and expenses not to exceed $230,000 to be paid from the Settlement Fund plus interest.  Class Representatives' counsel have not received any payment for their work investigating the facts, prosecuting this Litigation, and negotiating this settlement on behalf of the Class Representatives and the Class.  If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $.08.

---

[2]    This amount was negotiated with the Court-appointed Lead Plaintiff Building Trades United Pension Trust Fund.

**Deadlines:**

        Submit Claim:         _____, 2014

        Request Exclusion:      _____, 2014

        File Objection:        _____, 2014

**Court Hearing on Fairness of Settlement: _____, 2014**

**More Information:** www.gilardi.com or

| | |
|---|---|
| Claims Administrator: | Representative of Class Representatives counsel: |
| *Diebold Securities Litigation* | |
| Claims Administrator | Rick Nelson |
| c/o Gilardi & Co. LLC | Shareholder Relations |
| P.O. Box 8040 | Robbins Geller Rudman & Dowd LLP |
| San Rafael, CA 94912-8040 | 655 West Broadway, Suite 1900 |
| 1-800-447-7657 | San Diego, CA 92101 |
| | 1-800-449-4900 |

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

**SUBMIT A CLAIM FORM**      The only way to get a payment.

**EXCLUDE YOURSELF**      Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants for the legal claims in this case.

**OBJECT**      You may write to the Court if you do not like this settlement, the request for attorneys' fees and expenses, or the Plan of Allocation.

**GO TO A HEARING**      You may ask to speak in Court about the fairness of the settlement, the request for attorneys' fees and expenses, or the Plan of Allocation.

**DO NOTHING**      Get no payment. Give up your rights.

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

1.      **Why did I get this notice package?**

You or someone in your family may have purchased Diebold common stock and/or put and call options between June 30, 2005 and January 14, 2008, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court, Northern District of Ohio, Eastern Division and the case is known as *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP. The entities that lead the Litigation, Building Trades Union Pension Trust Fund and Alaska Electrical Pension Fund, are called the Class Representatives and the company and the individuals it sued are called Defendants.[3]

---

[3]     The Defendants are Diebold, Gregory T. Geswein, Kevin J. Krakora and KPMG.

2.      **What is this lawsuit about?**

This Litigation alleges that Diebold and certain of its accounting executives violated the federal securities laws by fraudulently manipulating the Company's earnings and financial performance which caused Diebold to publish materially false and misleading financial results during the Class Period and that KPMG, as the Company's outside auditor during the Class Period, was aware of these accounting manipulations but nevertheless issued unqualified audit reports throughout the Class Period.  The Class Representatives allege that when Defendants disclosed the truth about the Company's financial results, Class Members suffered damages as a result of the decline in the price of Diebold Publicly Traded Securities.

Defendants deny all of the Class Representatives' allegations and further deny that they did anything wrong.  Defendants also deny that the Class Representatives or the Class suffered damages or that the price of Diebold Publicly Traded Securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

3.      **Why is this a class action?**

In a class action, one or more people called class representatives (in this case, the Court-appointed Lead Plaintiff Building Trades United Pension Trust Fund and additional class representative Alaska Electrical Pension Fund) sue on behalf of people who have similar claims.  All of these people and/or entities are called a class or class members.  One judge — in this case, United States District Court Judge Benita Y. Pearson — resolves the issues for all Class Members, except for those who exclude themselves from the Class.

4.      **Why is there a settlement?**

The Court did not decide in favor of the Class Representatives or Defendants.  Instead, the lawyers for both sides of the lawsuit have negotiated a settlement, with the assistance of a mediator who is a former United States Judge, that they believe is in the best interests of their respective

clients. The settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits eligible Class Members to be compensated without further delay. The Class Representatives and their attorneys think the settlement is best for all Class Members.

## WHO GETS MONEY FROM THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

**5.      How do I know if I am part of the settlement?**

The Class includes *all Persons who purchased Diebold common stock and/or put or call options between June 30, 2005 and January 14, 2008, inclusive*.

**6.      Are there exceptions to being included in the Class?**

Yes. Excluded from the Class are Defendants, members of the immediate families of Defendants, as well as the officers and directors of Diebold and KPMG during the Class Period, and members of their immediate families. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

**7.      I'm still not sure if I am included.**

If you still are not sure whether you are included, you can ask for free help. You can call 1-800-447-7657 or visit www.gilardi.com for more information; or, you can call Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, at 1-800-449-4900 for more information; or, you can fill out and return the Proof of Claim described in Question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.      What does the settlement provide?**

Diebold and KPMG have agreed to pay or cause to be paid a total of $31,600,000.00 in cash (Diebold:  $30 million; KPMG:  $1.6 million), plus interest (the "Settlement Fund").  The Settlement Fund, plus interest earned from the date it is established, less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid Proofs of Claim ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Class Members, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, the costs of claims administration, and taxes on the Settlement Fund.

**9.      How much will my payment be?**

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members send in and how many Diebold Publicly Traded Securities you purchased during the relevant period and when you bought and sold them.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, the Class Representatives' counsel conferred with their damages consultants, and the Plan of Allocation reflects an approach to calculation of damages that they believe could potentially have been adopted had the Class Representatives prevailed at trial.[4]

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total

---

[4]    Defendants do not concede any of the factual or legal assertions contained in or underlying the Plan of Allocation.

claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A "Claim" will be calculated as follows:

### *COMMON STOCK*

1.       For shares of Diebold common stock **purchased on or between June 30, 2005 through January 14, 2008**, the claim per share shall be as follows:

(a)       If sold on or between June 30, 2005 through January 14, 2008, the claim per share shall be the lesser of (i) the inflation in Table A at the time of purchase less the inflation in Table A at the time of sale; and (ii) the difference between the purchase price and the selling price.

(b)       If retained at the end of January 14, 2008 and sold prior to April 11, 2008, the claim per share shall be the lesser of (i) the inflation in Table A at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below.

(c)       If retained at the close of trading on April 10, 2008, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation in Table A at the time of purchase and (ii) the difference between the purchase price per share and $30.99 per share.

**TABLE A**

| *TIME PERIOD* | *INFLATION* |
|---|---|
| June 30, 2005 – July 25, 2007 | $5.50 |
| July 26, 2007 – October 1, 2007 | $3.87 |
| October 2, 2007 – December 18, 2007 | $2.75 |
| December 19, 2007 – January 14, 2008 | $0.76 |

**TABLE B**

| DATE | CLOSING PRICE | AVERAGE CLOSING PRICE |
|------|---------------|------------------------|
| 1/15/2008 | $24.71 | $24.71 |
| 1/16/2008 | $25.15 | $24.93 |
| 1/17/2008 | $24.36 | $24.74 |
| 1/18/2008 | $24.49 | $24.68 |
| 1/22/2008 | $23.71 | $24.48 |
| 1/23/2008 | $24.06 | $24.41 |
| 1/24/2008 | $25.58 | $24.58 |
| 1/25/2008 | $25.03 | $24.64 |
| 1/28/2008 | $25.75 | $24.76 |
| 1/29/2008 | $26.03 | $24.89 |
| 1/30/2008 | $26.05 | $24.99 |
| 1/31/2008 | $25.85 | $25.06 |
| 2/1/2008 | $27.14 | $25.22 |
| 2/4/2008 | $26.70 | $25.33 |
| 2/5/2008 | $25.95 | $25.37 |
| 2/6/2008 | $26.56 | $25.45 |
| 2/7/2008 | $25.09 | $25.42 |
| 2/8/2008 | $25.49 | $25.43 |
| 2/11/2008 | $24.76 | $25.39 |
| 2/12/2008 | $24.89 | $25.37 |
| 2/13/2008 | $25.53 | $25.38 |
| 2/14/2008 | $24.97 | $25.36 |
| 2/15/2008 | $24.94 | $25.34 |
| 2/19/2008 | $25.12 | $25.33 |
| 2/20/2008 | $25.00 | $25.32 |
| 2/21/2008 | $24.65 | $25.29 |
| 2/22/2008 | $24.99 | $25.28 |
| 2/25/2008 | $25.76 | $25.30 |
| 2/26/2008 | $25.80 | $25.31 |
| 2/27/2008 | $25.75 | $25.33 |
| 2/28/2008 | $24.97 | $25.32 |
| 2/29/2008 | $24.12 | $25.28 |
| 3/3/2008 | $38.84 | $25.69 |
| 3/4/2008 | $37.68 | $26.04 |
| 3/5/2008 | $37.62 | $26.37 |
| 3/6/2008 | $37.05 | $26.67 |
| 3/7/2008 | $37.51 | $26.96 |
| 3/10/2008 | $36.89 | $27.22 |
| 3/11/2008 | $37.26 | $27.48 |
| 3/12/2008 | $37.08 | $27.72 |
| 3/13/2008 | $37.30 | $27.96 |
| 3/14/2008 | $36.61 | $28.16 |

| DATE | CLOSING PRICE | AVERAGE CLOSING PRICE |
|---|---|---|
| 3/17/2008 | $36.06 | $28.35 |
| 3/18/2008 | $36.34 | $28.53 |
| 3/19/2008 | $36.30 | $28.70 |
| 3/20/2008 | $36.94 | $28.88 |
| 3/24/2008 | $37.00 | $29.05 |
| 3/25/2008 | $36.97 | $29.22 |
| 3/26/2008 | $36.94 | $29.37 |
| 3/27/2008 | $36.70 | $29.52 |
| 3/28/2008 | $37.27 | $29.67 |
| 3/31/2008 | $37.55 | $29.82 |
| 4/1/2008 | $37.50 | $29.97 |
| 4/2/2008 | $37.30 | $30.10 |
| 4/3/2008 | $37.45 | $30.24 |
| 4/4/2008 | $37.90 | $30.38 |
| 4/7/2008 | $37.78 | $30.51 |
| 4/8/2008 | $37.85 | $30.63 |
| 4/9/2008 | $37.93 | $30.76 |
| 4/10/2008 | $38.10 | $30.88 |
| 4/11/2008 | $38.00 | $30.99 |

For example:

(a)     If you purchased and sold Diebold common stock in the period from June 30, 2005 through July 25, 2007, your claim is zero.

(b)     If you purchased Diebold common stock at $50.00 per share in the period from June 30, 2005 through July 25, 2007 and sold that share at $44.00 in the period from July 26, 2007 through October 1, 2007, your claim is $1.63 per share (lesser of (i) $50.00 minus $44.00 equals $6.00, and (ii) $5.50 minus $3.87 equals $1.63).

(c)     If you purchased Diebold common stock at  $50.00 per share in the period from June 30, 2005 through July 25, 2007 and held that share at the end of April 10, 2008, your claim is $5.50 per share (lesser of (i) $50.00 minus $30.99 equals $19.01, and (ii) $5.50).

### CALL OPTIONS

1.     For call options on Diebold common stock *purchased* from *June 30, 2005 through January 14, 2008*, and

861209_4

(a) **held** at the end of any of the following dates: July 25, 2007, October 1, 2007, December 18, 2007 and/or January 14, 2008, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract;

(b) **not held** at the end of any of the following dates:  July 25, 2007, October 1, 2007, December 18, 2007 and/or January 14, 2008, the claim per call option is $0.

2.  For call options on Diebold common stock **written** from ***June 30, 2005 through January 14, 2008***, the claim per call option is $0.

### *PUT OPTIONS*

1.  For put options on Diebold common stock **written** from ***June 30, 2005 through January 14, 2008***, and

(a) **held** at the end of  any of the following dates:  July 25, 2007, October 1, 2007, December 18, 2007 and/or January 14, 2008, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

(b) **not held** at the end of any of the following dates:  July 25, 2007, October 1, 2007, December 18, 2007 and/or January 14, 2008, the claim per put option is $0.

2.  For put options on Diebold common stock **purchased** from ***June 30, 2005 through January 14, 2008***, the claim per put option is $0.

Note:  In the case the option was exercised for Diebold common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using Diebold common stock's closing price on the date the option was exercised.

Note:       The combined recovery for the put/call options shall not exceed 3% of the Net Settlement Fund.

For Class Members who held Diebold Publicly Traded Securities at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of Diebold Publicly Traded Securities during the Class Period will be matched against the same type of security, in chronological order, first against securities held at the beginning of the Class Period. The remaining sales of Diebold Publicly Traded Securities during the Class Period will then be matched, in chronological order, against like Diebold Publicly Traded Securities purchased during the Class Period.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Diebold Publicly Traded Securities during the Class Period are subtracted from all losses. However, the proceeds from sales of Diebold Publicly Traded Securities which have been matched against Diebold Publicly Traded Securities held at the beginning of the Class Period will not be used in the calculation of such net loss.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against any Class Representative, any Plaintiffs' Counsel, any claims administrator or other Person designated by Class Representatives' counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. Defendants, their Related Parties, the Released Persons and their counsel have no involvement in or responsibility for

and no liability of any kind with respect to the Plan of Allocation, the calculation of claims, or the handling of, disbursement from, or distribution of the Settlement Fund or the Net Settlement Fund. All Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any order and/or judgment entered and the releases given.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**10.      How will I get a payment?**

To qualify for a payment, you must send in a Proof of Claim. A Proof of Claim is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2014.

**11.      When would I get my payment?**

The Court will hold a hearing on _____, 2014, at _____, to decide whether to approve the settlement. If Judge Pearson approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the claim forms to be processed. If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund as early as nine months after the fairness hearing. Please be patient.

**12.      What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or about issues that could have been asserted in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your Released Claims in

this case against the Released Persons. "Released Claims" means all claims (including "Unknown Claims" as defined in the Stipulation), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgment, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees and any other costs, expenses, amounts or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature concerning, based on, arising out of, in connection with or relating in any way to both: (1) the purchase of Diebold Publicly Traded Securities by Class Representatives or any Class Member during the Class Period; and (2) the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions or failures to act that were or could have been alleged by Class Representatives or any Class Member in the Litigation or that otherwise would have been barred by *res judicata* had the Litigation been fully litigated to a final judgment. Released Claims do not include claims to enforce the settlement.

"Unknown Claims" means all claims, demands, rights, liabilities and causes of action of every nature and description which the Class Representatives or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its decision to enter into this settlement and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release,**

**which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, or which otherwise governs or limits a person's release of unknown claims. The Class Representatives and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Representatives shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, liquidated or unliquidated, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

"Released Persons" means each and all of the Defendants, and each and all of their Related Parties.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same issues in this case, then you must take

steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

**13.     How do I get out of the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP. You must include your name, address, telephone number, and signature; the number of shares of Diebold common stock you owned as of the end of the day on June 29, 2005; the number of shares of Diebold common stock and/or put and call options you purchased and sold between June 30, 2005 and January 14, 2008, inclusive; the date of each such purchases and sale; and the price paid or received for each such purchase and sale. You must mail your exclusion request postmarked no later than _____, 2014 to:

> *Diebold Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

You cannot exclude yourself on the phone or by e-mail. If you properly ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

**14.     If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves. Remember, the exclusion deadline is _____, 2014.

**15.     If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, do not send in a Proof of Claim to ask for any money. Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

## THE LAWYERS REPRESENTING YOU

**16.    Do I have a lawyer in this case?**

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you and other Class Members.  These lawyers are called Lead Counsel.  These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How will the lawyers be paid?**

At the fairness hearing, Class Representatives' counsel will request the Court to award attorneys' fees of approximately 22%, or $6,870,000, of the Settlement Fund and for expenses up to $230,000, which have been incurred in connection with the Litigation.  If awarded, the cost of the counsel fees and expenses would be approximately $.08 per share.  This compensation will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  To date, Class Representatives' counsel have not received any payment for their services in conducting this Litigation on behalf of the Class Representatives and the Class, nor have counsel been paid for their expenses.  The fee requested will compensate Class Representatives' counsel for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement, the Plan of Allocation, or Class Representatives' counsel's request for an award of attorneys' fees and expenses.

**18.    How do I tell the Court that I do not like the settlement?**

If you are a Class Member (and you have not excluded yourself), you can object to the settlement, the request for attorneys' fees and expenses, or the Plan of Allocation if you do not like any part of it.  You can give reasons why you think the Court should not approve the settlement, the

request for attorneys' fees and expenses, or the Plan of Allocation. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed settlement in *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP. Be sure to include your name, address, telephone number, and signature; the number of shares of Diebold Publicly Traded Securities purchased between June 30, 2005 and January 14, 2008, inclusive; and the reasons you object to the settlement, the requested attorneys' fees and expenses, or the Plan of Allocation. Any such objection must be mailed or delivered such that it is received by each of the following no later than _____, 2014:

*Court*:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION
125 Market Street
Youngstown, OH 44503

*Class Representatives' counsel*:

ROBBINS GELLER RUDMAN & DOWD LLP
DEBRA J. WYMAN
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101

*Defendants' counsel*:

BAKER & HOSTETLER LLP
JOHN J. CARNEY
FRANCESCA M. HARKER
45 Rockefeller Plaza
New York, NY 10111

*Attorneys for Defendant Kevin J. Krakora*

JONES DAY
JOHN M. NEWMAN, JR.
GEOFFREY J. RITTS
ADRIENNE FERRARO MUELLER
KRISTIN S.M. MORRISON
North Point
901 Lakeside Avenue
Cleveland, OH  44114

*Attorneys for Defendant Diebold, Inc.*

MCDERMOTT WILL & EMERY LLP
STEVEN S. SCHOLES
WILLIAM P. SCHUMAN
JEFFREY A. ROSSMAN
JEFFREY BALTRUZAK
227 W. Monroe Street
Chicago, IL  60606-5096

*Attorneys for Defendant Gregory T. Geswein*

VORYS, SATER, SEYMOUR AND PEASE LLP
DAVID J. TOCCO
RAJEEV K. ADLAKHA
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, OH  44114-1742

*Attorneys for KPMG LLP*

**19.    What is the difference between objecting and excluding myself from the settlement?**

Objecting is telling the Court that you do not like something about the proposed settlement. You can object ***only*** if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer applies to you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend, but you do not have to.

**20.     When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing at _____, on _____, 2014, at the United States District Court, Northern District of Ohio, Eastern Division, 313 Thomas D. Lambros United States Federal Building and Courthouse, 125 Market Street, Youngstown, Ohio 44503. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court also will decide whether to approve the payment of fees and expenses to Lead Counsel and the Plan of Allocation. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

**21.     Do I have to come to the hearing?**

No. Lead Counsel will answer questions Judge Pearson may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You also may pay your own lawyer to attend, but you are not required to do so.

**22.     May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing. To do so, you must send a letter saying that it is your intention to appear in *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP. Be sure to include your name, address, telephone number, and signature, and the number of Diebold Publicly Traded Securities purchased between June 30, 2005 and January 14, 2008, inclusive. Your notice of intention to appear must be received no later than _____, 2014 by the Clerk of the Court, Lead Counsel, and

Defendants' counsel, at the addresses listed in the answer to Question 18. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**23.    What happens if I do nothing at all?**

If you do nothing, you will get no money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same issues in this case.

## GETTING MORE INFORMATION

**24.    Are there more details about the settlement?**

This Notice summarizes the proposed settlement. More details are in the Stipulation dated November 8, 2013, which has been filed with the Court. You can get a copy of the Stipulation from the Clerk's office at the United States District Court, Northern District of Ohio, Eastern Division, 125 Market Street, Youngstown, Ohio 44503, during regular business hours, or at www.gilardi.com, or you can contact a representative of Lead Counsel at the number and address below in the answer to Question 25.

**25.    How do I get more information?**

You can call 1-800-449-4900 or write to a representative of Lead Counsel, Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or visit the Claims Administrator's website at www.gilardi.com. ***Please do not call the Court or the Clerk of the Court for additional information about the settlement.***

## SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

26.    If you hold any Diebold common stock or put and call options, purchased between June 30, 2005 and January 14, 2008, inclusive, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class

Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Diebold Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2013        BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 1:10-cv-01461-BYP<br><br>CLASS ACTION<br><br>Judge Benita Y. Pearson |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| KPMG, LLP, et al., | ) ) | |
| Defendants. | ) ) ) | |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I. GENERAL INSTRUCTIONS

1.      To recover as a member of the Class based on your claims in the action entitled *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 2014, ADDRESSED AS FOLLOWS:

*Diebold Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim.

4.      If you are a Member of the Class and you do not timely request exclusion in connection with the proposed settlement, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II. CLAIMANT IDENTIFICATION

If you purchased Diebold, Inc. ("Diebold" or the "Company") common stock and/or put and call options (collectively, "Diebold Publicly Traded Securities") during the period from June 30,

881512_3

2005 through and including January 14, 2008, and held the securities in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Diebold Publicly Traded Securities that were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Diebold Publicly Traded Securities which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE DIEBOLD PUBLICLY TRADED SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, guardian, conservator and/or trustee), you must complete and sign this claim on behalf of the persons so represented, evidence of your authority must accompany this claim, and your titles or capacities must be stated. Such evidence of authority would include, for example, letters testamentary, letters of administration, or a copy of the trust documents. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-877-567-4781 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims

Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Diebold Publicly Traded Securities" to supply all required details of your transaction(s) in Diebold Publicly Traded Securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* your purchases and sales of shares of Diebold common stock between June 30, 2005 and April 10, 2008, inclusive and *all* your purchases and sales of other Diebold Publicly Traded Securities which took place at any time between June 30, 2005 and January 14, 2008, in each instance, whether such transactions resulted in a profit or loss. You must also provide all of the requested information with respect to *all* shares of Diebold common stock you held at the close of trading on June 29, 2005, January 14, 2008, and April 10, 2008. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Diebold common stock. The date of a "short sale" is deemed to be the date of sale of Diebold common stock.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Diebold Publicly Traded Securities should be attached to your claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to

provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

*Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*,

No. 1:10-cv-01461-BYP

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2014

Please Type or Print

PART I:          CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____          _____

City                                                          State or Province

_____          _____

Zip Code or Postal Code                          Country

_____     _____     Individual

Social Security Number or                 _____     Corporation/Other

Taxpayer Identification Number

_____     _____

Area Code                    Telephone Number (work)

_____     _____

Area Code                    Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II:    SCHEDULE OF TRANSACTIONS IN DIEBOLD PUBLICLY TRADED SECURITIES

1.    Common Stock

A.    Number of shares of Diebold common stock held at the close of trading on June 29, 2005: _____.

B.    Purchases of shares of Diebold common stock between June 30, 2005 and April 10, 2008, inclusive:

| Trade Date<br>Mo. Day Year | Number of Securities Purchased | Total Purchase Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.    Sales of shares of Diebold common stock between June 30, 2005 and April 10, 2008, inclusive:

| Trade Date<br>Mo. Day Year | Number of Securities Sold | Total Sales Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

D.    Number of shares of Diebold common stock held at the close of trading on January 14, 2008: _____.

E.    Number of shares of Diebold common stock held at the close of trading on April 10, 2008: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print or type your name on each additional page.

2.      Schedule of Transactions in Diebold Options

## PURCHASES/REPURCHASES

A.  I made the following purchase/repurchase of options on Diebold common stock during the period from June 30, 2005 through January 14, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) M M D D Y Y | Number of Option contracts acquired | Expiry Date (Month/Year) M M Y Y | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |

## SALES/WRITTEN

B.  I made the following sales/written options on Diebold common stock during the period from June 30, 2005 through January 14, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) M M D D Y Y | Number of Option contracts acquired | Expiry Date (Month/Year) M M Y Y | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

- 7 -

YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

## IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Ohio with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim in connection with the purchase of Diebold Publicly Traded Securities and know of no other person having done so on my (our) behalf.

## V.  RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Persons as provided in the Stipulation of Settlement.

2.      "Related Parties" means, with respect to each Defendant, any and all of their past, present and future families, parent entities, subsidiaries, associates, affiliates, predecessors, successors and/or assigns and each of their respective past, present and future officers, directors, executives, partners, representatives, employees, attorneys, financial or investment advisors, underwriters, consultants, accountants, auditors, investment bankers, commercial bankers, insurers, re-insurers, agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, assigns and/or any representatives of any of these persons or entities.

3.       "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees and any other costs, expenses, amounts or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature concerning, based on, arising out of, in connection with or relating in any way to both: (1) the purchase of Diebold Publicly Traded Securities by Class Representatives or any Class Member during the Class Period; and (2) the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions or failures to act that were or could have been alleged by Class Representatives or any Class Member in the Litigation or that otherwise would have been barred by *res judicata* had the Litigation been fully litigated to a final judgment. Released Claims do not include claims to enforce the settlement.

4.       "Released Persons" means each and all of the Defendants, and each and all of their Related Parties.

5.       "Unknown Claims" means all claims, demands, rights, liabilities and causes of action of every nature and description which the Class Representatives or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its decision to enter into this settlement and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly waive, and each of the Class

Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, or which otherwise governs or limits a person's release of unknown claims. The Class Representatives and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Representatives shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, liquidated or unliquidated, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

6.     This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the settlement becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of shares of Diebold common stock between June 30, 2005 and April 10, 2008, inclusive, and both purchases and sales of other Diebold Publicly Traded Securities between June 30, 2005 and January 14, 2008, inclusive; as well as my (our) holdings of Diebold Publicly Traded Securities held by me (us) at the close of trading on June 29, 2005 and January 14, 2008, and the number of shares of Diebold common stock held by me (us) at the close of trading on April 10, 2008.

9.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____

                                                       (Month/Year)

in _____

        (City)                              (State/Country)


        _____

        (Sign your name here)

        _____

        (Type or print your name here)

_____

(Capacity of person(s) signing,
_e.g._, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.   Please sign the above release and declaration.

2.   Remember to attach supporting documentation, if available.

3.   Do not send original stock certificates.

4.   Keep a copy of your claim form for your records.

5.   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.   If you move, please send us your new address.

881512_3

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 1:10-cv-01461-BYP<br><br>CLASS ACTION<br><br>Judge Benita Y. Pearson |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| KPMG, LLP, et al., | ) ) | |
| Defendants. | ) ) ) | |

SUMMARY NOTICE

EXHIBIT A-3

TO:     ALL PERSONS WHO PURCHASED DIEBOLD, INC. ("DIEBOLD") COMMON STOCK
        AND/OR PUT AND CALL OPTIONS BETWEEN JUNE 30, 2005 AND JANUARY 14,
        2008, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District

Court for the Northern District of Ohio, Eastern Division, a hearing will be held on

_____, 2014, at __:__ __.m., before the Honorable Benita Y. Pearson, at the United

States District Court for the Northern District of Ohio, Eastern Division, 313 Thomas D. Lambros

United States Federal Building and Courthouse, 125 Market Street, Youngstown, Ohio 44503, for

the purpose of determining: (1) whether the proposed settlement of the Litigation for the sum of

$31,600,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether,

thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in

the Stipulation of Settlement dated as of November 8, 2013; (3) whether the Plan of Allocation of

settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the

reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses

incurred in connection with this Litigation, together with interest thereon.

If you purchased Diebold common stock, and/or put and call options, between June 30, 2005

and January 14, 2008, inclusive, your rights may be affected by this Litigation and the settlement

thereof.  If you have not received a detailed Notice of Proposed Settlement of Class Action and a

copy of the Proof of Claim and Release form, you may obtain copies by writing to *Diebold*

*Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA

94912-8040, or by downloading this information at www.gilardi.com.  If you are a Class Member, in

order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and

Release form postmarked no later than _____, 2014, establishing that you are entitled to a

recovery.  You will be bound by any judgment rendered in the Litigation unless you request to be

excluded, in writing, to the Claims Administrator at the above address, postmarked by _____, 2014.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no later than _____, 2014, and *received* by the following no later than _____, 2014:

ROBBINS GELLER RUDMAN
   & DOWD LLP
DEBRA J. WYMAN
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101

*Lead Counsel for Class Representatives*

BAKER & HOSTETLER LLP
JOHN J. CARNEY
FRANCESCA M. HARKER
45 Rockefeller Plaza
New York, NY 10111

*Attorneys for Defendant Kevin J. Krakora*

JONES DAY
JOHN M. NEWMAN, JR.
GEOFFREY J. RITTS
ADRIENNE FERRARO MUELLER
KRISTIN S.M. MORRISON
North Point
901 Lakeside Avenue
Cleveland, OH 44114

*Attorneys for Defendant Diebold, Inc.*

MCDERMOTT WILL & EMERY LLP
STEVEN S. SCHOLES
WILLIAM P. SCHUMAN
JEFFREY A. ROSSMAN
JEFFREY BALTRUZAK
227 W. Monroe Street
Chicago, IL 60606-5096

*Attorneys for Defendant Gregory T. Geswein*

VORYS, SATER, SEYMOUR AND PEASE LLP
DAVID J. TOCCO
RAJEEV K. ADLAKHA
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, OH 44114-1742

*Attorneys for KPMG LLP*

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.**

DATED: _____, 2013          BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
                                            NORTHERN DISTRICT OF OHIO
                                            EASTERN DIVISION

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 1:10-cv-01461-BYP <br><br> CLASS ACTION <br><br> Judge Benita Y. Pearson |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| KPMG, LLP, et al., | ) ) | |
| Defendants. | ) ) ) | |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT B

This matter came before the Court for hearing on _____ pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated _____, 2013, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of November 8, 2013 (the "Stipulation").  Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:

(a)      the number of Class Members is so numerous that joinder of all members thereof is impracticable;

(b)      there are questions of law and fact common to the Class;

(c)      the claims of the Class Representatives are typical of the claims of the Class;

(d)      the Class Representatives and their counsel have fairly and adequately represented the interests of the Class and will continue to do so;

(e)      the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual members of the Class; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Building Trades United Pension Trust Fund and Alaska Electrical Pension Fund are certified as Class Representatives, and Robbins Geller Rudman & Dowd LLP is appointed as Lead Counsel for the Class.

5. The Court hereby finally certifies, for settlement purposes only, a Class defined as: "All Persons who purchased Diebold Publicly Traded Securities between June 30, 2005 and January 14, 2008, inclusive. Excluded from the Class are Defendants, members of the immediate families of Defendants, as well as the officers and directors of Diebold and KPMG during the Class Period, and members of their immediate families. Also excluded from the Class are those Persons who properly excluded themselves by timely and validly requesting exclusion in accordance with procedures set forth in the Notice Order, as listed on Exhibit 1 annexed hereto."

6. The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice constituted due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Securities Act of 1933, as amended, the Securities Exchange Act of 1934, as amended, due process, and any other applicable law.

7. Defendants have filed a Declaration of Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715. Defendants timely mailed notice of the settlement agreement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all states in which members of the Settlement Class reside. The notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8).

The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

8.      The settlement is the product of substantial, good faith, arm's-length negotiations between and among the parties to the Litigation, and pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation as fair, reasonable, and adequate.

9.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice and without costs as to any party, except as and to the extent otherwise provided in the Stipulation and herein.

10.     All persons who have not made their objections to the settlement in the manner provided in the Notice Order are deemed to have waived any objections by appeal, collateral attack or otherwise.

11.     Upon the Effective Date hereof, the Class Representatives and all Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Representative or Class Member executes and delivers a Proof of Claim and Release form.

12.     The Class Representatives and all Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

13.     Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution,

- 3 -

prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, except for claims to enforce the Stipulation or this Order.

14. Neither the Plan of Allocation submitted by Lead Counsel or approved by the Court nor any order entered regarding any attorneys' fee and expense application shall in any way disturb or affect this Judgment; each shall be considered separate from this Judgment.

15. This Judgment and all provisions thereof, and the settlement, shall bind each Class Member (specifically excluding the persons listed on Exhibit 1 annexed hereto) whether or not that Class Member files a Proof of Claim and Release or receives an allocation of settlement proceeds. All Class Members who have failed to properly file timely and valid requests for exclusion (to opt out) from the Class release and forever discharge the Released Parties from all Released Claims as provided in the Stipulation.

16. Defendants and other Released Persons, including their respective insurers, shall have no responsibility for the Plan of Allocation or the administration of the settlement and shall have no liability to the Lead Plaintiff, the Class Representatives, the Class, any Class Member or Lead Counsel in connection with the Plan of Allocation or the administration of the settlement.

17. Neither this Judgment nor the Stipulation or the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement, nor any of the negotiations or proceedings connected with either of them shall be:

(a) offered against any Defendant or any other Released Persons as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by the Class Representatives and the Class Members or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)     offered against any Defendant or any other Released Persons as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Class Representatives or any Class Member as evidence of any infirmity in the claims of the Class Representatives and the Class;

(c)     offered against any Defendant or any other Released Persons as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Order; provided, however, that Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(d)     construed against Defendants or any other Released Persons, the Class Representatives or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

19.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.     In the event the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any

portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: _____ _____
THE HONORABLE BENITA Y. PEARSON
UNITED STATES DISTRICT JUDGE

861385_4

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 8, 2013.

s/ Debra J. Wyman
DEBRA J. WYMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  debraw@rgrdlaw.com

# Mailing Information for a Case 1:10-cv-01461-BYP Louisiana Municipal Police Employees Retirement System v. KPMG LLP et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rajeev K. Adlakha**
  rkadlakha@vorys.com,smromanin@vorys.com

- **Jeffrey D. Baltruzak**
  jbaltruzak@mwe.com

- **Jonathan R. Barr**
  jbarr@bakerlaw.com

- **Fritz E. Berckmueller**
  fberckmueller@calfee.com,mkucharson@calfee.com,ezell@calfee.com

- **Terry M. Brennan**
  tbrennan@bakerlaw.com,kwangsgard@bakerlaw.com,fharker@bakerlaw.com,gcurbelo@bakerlaw.com,bhlitdocket@bakerlaw.com

- **John J. Carney**
  jcarney@bakerlaw.com

- **Susannah R. Conn**
  sconn@rgrdlaw.com

- **Virginia A. Davidson**
  vdavidson@calfee.com

- **Francesca M. Harker**
  fharker@bakerlaw.com

- **Geoffrey M. Johnson**
  gjohnson@scott-scott.com,jguglielmo@scott-scott.com,tcrockett@scott-scott.com,dbroggi@scott-scott.com,efile@scott-scott.com

- **Jack Landskroner**
  jack@lgmlegal.com,debra@lgmlegal.com

- **Jeffrey J. Lauderdale**
  jlauderdale@calfee.com,dmichalski@calfee.com

- **Jeffrey D. Light**
  jeffl@rgrdlaw.com,jstark@rgrdlaw.com

- **Kristin S.M. Morrison**
  kmorrison@jonesday.com,hjhockenberry@jonesday.com

- **Adrienne F. Mueller**
  afmueller@jonesday.com,nmadamczyk@jonesday.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com

- **John M. Newman , Jr**
  jmnewman@jonesday.com,nmadamczyk@jonesday.com,pgarver@jonesday.com

- **John D. Parker**
  jparker@bakerlaw.com,lreece@bakerlaw.com

- **Geoffrey J. Ritts**
  gjritts@jonesday.com,nmadamczyk@jonesday.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Jeffrey A. Rossman**
  jrossman@mwe.com,deberry@mwe.com

- **Steven S. Scholes**
  sscholes@mwe.com

- **William P. Schuman**
  wschuman@mwe.com,bolvera@mwe.com

- **David J. Tocco**
  djtocco@vorys.com,pabrown@vorys.com,rnwebner@vorys.com,kshowe@vorys.com,rkadlakha@vorys.com

- **Michael N. Ungar**
  mungar@ulmer.com,mcrick@ulmer.com

- **Daniel R. Warren**
  dwarren@bakerlaw.com

- **Robert N. Webner**
  rnwebner@vorys.com

- **Debra J. Wyman**
  debraw@rgrdlaw.com,stremblay@rgrdlaw.com

- **Melissa L. Zujkowski**
  mzujkowski@ulmer.com,rbrumfield@ulmer.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Phillip          A. Brown
Vorys, Sater, Seymour & Pease - Columbus
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Kathryn          E. Schill
INVALID ADDRESS - Baker & Hostetler - Cleveland
3200 PNC Center
1900 East Ninth Street
Cleveland, OH 44114
```