UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 1:10-cv-01461-BYP<br><br>CLASS ACTION<br><br>Judge Benita Y. Pearson |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KPMG, LLP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated action is pending before this Court styled *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of November 8, 2013 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation on the merits with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all capitalized terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      The Court hereby certifies a Class, preliminarily and for settlement purposes only, defined as: "All Persons who purchased Diebold Publicly Traded Securities between June 30, 2005 and January 14, 2008, inclusive.  Excluded from the Class are Defendants, members of the immediate families of Defendants, as well as the officers and directors of Diebold and KPMG during the Class Period, and members of their immediate families.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Proposed Settlement of Class Action."

3. The Court appoints Building Trades United Pension Trust Fund Alaska and Electrical Pension Fund as the Class Representative for the Class and appoints Robbins Geller Rudman & Dowd LLP as Lead Counsel for the Class.

4. The Court preliminarily finds that:

(a) The proposed settlement results from informed, extensive arm's-length negotiations, including a mediation under the direction of a well-known, respected, and experienced professional mediator, Hon. Layn Phillips (ret.);

(b) Lead Counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and

(c) The proposed Settlement appears sufficiently fair, reasonable, and adequate to warrant sending notice of the settlement to the Class.

5. A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2013, at __:__ __.m., at the United States District Court for the Northern District of Ohio, Eastern Division, 313 Thomas D. Lambros United States Federal Building and Courthouse, 125 Market Street, Youngstown, Ohio 44503, to determine whether the proposed Class should be certified on a final basis under Rule 23; whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel and the amount of expenses that should be awarded to Class Representatives. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

6.      The Court reserves the right to enter its Judgment approving the Stipulation and dismissing the Litigation on the merits and with prejudice regardless whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7.      The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶8-9 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Securities Act of 1933 as amended, the Securities Exchange Act of 1934 as amended, due process, and any other applicable law and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Class.  Diebold shall provide, or arrange access to, pertinent shareholder transfer records available to it on a reasonable and timely basis and terms.  Not later than _____, 2013 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail, postage prepaid, to all Class Members who can be identified with reasonable effort;

(b)      Not later than ten (10) days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in each of *Investor's Business Daily*, *Canton Repository* and *Akron Beacon Journal*, and once over the *Business Wire*;

(c)     Not later than the Notice Date, the Claims Administrator shall post on its website the Stipulation and all of its Exhibits; and

(d)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

9.     Nominees who purchased Diebold Publicly Traded Securities for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all beneficial owners of such Diebold Publicly Traded Securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10.    All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

11.    Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than one hundred twenty (120) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but in any event will be bound by the Judgment.

Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

12.     Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

13.     Any Person falling within the definition of the Class may, upon request, be excluded from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _____, 2014.  A Request for Exclusion must be signed by the Person seeking exclusion and must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Diebold common stock beneficially owned as of June 30, 2005; (c) each of the Person's purchases and sales of Diebold Publicly Traded Securities made during the Class Period, including the dates of purchase or sale, the number of shares of common stock and/or put and call options purchased and sold, and the price paid or received for each such purchase or sale; and (d) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

14.     Any Member of the Class may appear and show cause, if he, she or it has any reason why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or

entitled to contest such matters, unless that Person has delivered by hand or sent by first-class mail written objections and copies of any papers and briefs such that they are received on or before _____, 2014, by Robbins Geller Rudman & Dowd LLP, Debra J. Wyman, Jeffrey D. Light, 655 W. Broadway, Suite 1900, San Diego, CA 92101; Baker & Hostetler LLP, Baker & Hostetler LLP, John J. Carney, Francesca M. Harker, 45 Rockefeller Plaza, New York, NY 10111; Jones Day, John M. Newman, Jr., Geoffrey J. Ritts, Adrienne Ferraro Mueller, Kristin S.M. Morrison, North Point, 901 Lakeside Avenue, Cleveland, OH 44114; McDermott Will & Emery LLP, Steven S. Scholes, William P. Schuman, Jeffrey A. Rossman, Jeffrey Baltruzak, 227 W. Monroe Street, Chicago, IL 60606-5096; Vorys, Sater, Seymour and Pease LLP, David J. Tocco, Rajeev K. Adlakha, 2100 One Cleveland Center, 1375 East Ninth Street, Cleveland, OH 44114-1742, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Northern District of Ohio, Eastern Division, on or before _____, 2014. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection (in this proceeding, on any appeal or in any other proceeding) to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for Lead Plaintiff, unless otherwise ordered by the Court. Defendants' Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

15.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16.     All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and

served fourteen (14) calendar days prior to the deadline for objections in ¶11. Replies to any objections shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

17.    Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

18.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

19.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

20.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Notice Order, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of certifying a class other than in the specific circumstances of the Stipulation and this settlement.

21.    Pending final determination of whether the Settlement should be approved, all Class Members and anyone who acts or purports to act on their behalf, are barred and enjoined from instituting, instigating, commencing, maintaining or prosecuting, either directly or indirectly, any action or proceeding in any court or tribunal that asserts any Released Claim against any Released Person, or assisting any third party in the initiation, instigation, commencement, maintenance or

prosecution, either directly or indirectly, of any action or proceeding in any court or tribunal that asserts any Released Claims against any Released Person unless legally required to do so.

22.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

23.     If the Stipulation and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection therewith shall be null and void, of no further force or effect, and without prejudice to the rights of the Settling Parties *status quo ante*, and may not be introduced as evidence or referred to in any action or proceeding by any Person.

IT IS SO ORDERED.


DATED: _____     _____
                                        THE HONORABLE BENITA Y. PEARSON
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 1:10-cv-01461-BYP <br><br> CLASS ACTION <br><br> Judge Benita Y. Pearson |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KPMG, LLP, et al., | ) | |
| | ) | |
| Defendants. | ) ) | |
| _____ | ) | |

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

*If you purchased Diebold, Inc. ("Diebold" or the "Company")[1] common stock and/or put and call options (collectively, "Diebold Publicly Traded Securities") during the period from June 30, 2005 to January 14, 2008, inclusive (the "Class Period") and are not otherwise excluded from the Class (see Question 6 below), you could get a payment from a class action settlement.*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period**: Diebold common stock and/or put and call options between June 30, 2005 and January 14, 2008, inclusive.

**Settlement Fund:** $31,600,000 in cash plus any interest earned. Your recovery will depend on the timing of your purchases and sales of Diebold Publicly Traded Securities during the Class Period. Based on the information currently available to the Class Representatives and the analysis performed by its damages consultants, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution per share of common stock will be approximately $.35 before deduction of Court-approved fees and expenses, including the cost of notifying Members of the Class and administering the settlement, and any attorneys' fees and expenses awarded by the Court to counsel for the Class Representatives. Historically, actual claims rates are less than 100%, which results in higher distributions per share than if the rate were 100%. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit valid Proof of Claim and Release forms ("Proof of Claim").

---

[1] This Notice incorporates by reference the definitions in the Stipulation of Settlement dated as of November 8, 2013 ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. The Stipulation and all of its exhibits can be obtained at www.gilardi.com.

892672_1

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including the danger of no recovery.

**If the Case Had Not Settled:** Continuing with the case could have resulted in loss at summary judgment, trial or on appeal. The two sides vigorously disagree on both liability and the amount of money that could have been won if the Class Representatives prevailed at trial. The parties disagree about both liability and damages, including: (1) the method for determining whether the price of Diebold Publicly Traded Securities was artificially inflated during the relevant period; (2) whether there was any such inflation and the amount of any such alleged inflation, and associated damages if the Class were to have prevailed on liability; (3) whether there was any wrongdoing on the part of Defendants; (4) the extent that various facts alleged by the Class Representatives influenced the trading price of Diebold Publicly Traded Securities during the Class Period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the federal securities laws.

**Attorneys' Fees and Expenses:** Court-appointed Lead Counsel will ask the Court for attorneys' fees of approximately 22%, or $6,870,000, of the Settlement Fund[2] and expenses not to exceed $230,000 to be paid from the Settlement Fund plus interest. Class Representatives' counsel have not received any payment for their work investigating the facts, prosecuting this Litigation, and negotiating this settlement on behalf of the Class Representatives and the Class. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $.08.

---

[2] This amount was negotiated with the Court-appointed Lead Plaintiff Building Trades United Pension Trust Fund.

**Deadlines:**

        Submit Claim:         _____, 2014

        Request Exclusion:     _____, 2014

        File Objection:        _____, 2014

**Court Hearing on Fairness of Settlement: _____, 2014**

**More Information:** www.gilardi.com or

| Claims Administrator: | Representative of Class Representatives counsel: |
|---|---|
| *Diebold Securities Litigation* | |
| Claims Administrator | Rick Nelson |
| c/o Gilardi & Co. LLC | Shareholder Relations |
| P.O. Box 8040 | Robbins Geller Rudman & Dowd LLP |
| San Rafael, CA 94912-8040 | 655 West Broadway, Suite 1900 |
| 1-800-447-7657 | San Diego, CA 92101 |
| | 1-800-449-4900 |

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

**SUBMIT A CLAIM FORM**        The only way to get a payment.

**EXCLUDE YOURSELF**        Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants for the legal claims in this case.

**OBJECT**        You may write to the Court if you do not like this settlement, the request for attorneys' fees and expenses, or the Plan of Allocation.

**GO TO A HEARING**        You may ask to speak in Court about the fairness of the settlement, the request for attorneys' fees and expenses, or the Plan of Allocation.

**DO NOTHING**        Get no payment. Give up your rights.

892672_1

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.     Why did I get this notice package?

You or someone in your family may have purchased Diebold common stock and/or put and call options between June 30, 2005 and January 14, 2008, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court, Northern District of Ohio, Eastern Division and the case is known as *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP. The entities that lead the Litigation, Building Trades Union Pension Trust Fund and Alaska Electrical Pension Fund, are called the Class Representatives and the company and the individuals it sued are called Defendants.[3]

---

[3]     The Defendants are Diebold, Gregory T. Geswein, Kevin J. Krakora and KPMG.

2.      **What is this lawsuit about?**

This Litigation alleges that Diebold and certain of its accounting executives violated the federal securities laws by fraudulently manipulating the Company's earnings and financial performance which caused Diebold to publish materially false and misleading financial results during the Class Period and that KPMG, as the Company's outside auditor during the Class Period, was aware of these accounting manipulations but nevertheless issued unqualified audit reports throughout the Class Period.  The Class Representatives allege that when Defendants disclosed the truth about the Company's financial results, Class Members suffered damages as a result of the decline in the price of Diebold Publicly Traded Securities.

Defendants deny all of the Class Representatives' allegations and further deny that they did anything wrong.  Defendants also deny that the Class Representatives or the Class suffered damages or that the price of Diebold Publicly Traded Securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

3.      **Why is this a class action?**

In a class action, one or more people called class representatives (in this case, the Court-appointed Lead Plaintiff Building Trades United Pension Trust Fund and additional class representative Alaska Electrical Pension Fund) sue on behalf of people who have similar claims.  All of these people and/or entities are called a class or class members.  One judge — in this case, United States District Court Judge Benita Y. Pearson — resolves the issues for all Class Members, except for those who exclude themselves from the Class.

4.      **Why is there a settlement?**

The Court did not decide in favor of the Class Representatives or Defendants.  Instead, the lawyers for both sides of the lawsuit have negotiated a settlement, with the assistance of a mediator who is a former United States Judge, that they believe is in the best interests of their respective

clients.  The settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits eligible Class Members to be compensated without further delay.  The Class Representatives and their attorneys think the settlement is best for all Class Members.

## WHO GETS MONEY FROM THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

**5.      How do I know if I am part of the settlement?**

The Class includes ***all Persons who purchased Diebold common stock and/or put or call options between June 30, 2005 and January 14, 2008, inclusive***.

**6.      Are there exceptions to being included in the Class?**

Yes.  Excluded from the Class are Defendants, members of the immediate families of Defendants, as well as the officers and directors of Diebold and KPMG during the Class Period, and members of their immediate families.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

**7.      I'm still not sure if I am included.**

If you still are not sure whether you are included, you can ask for free help.  You can call 1-800-447-7657 or visit www.gilardi.com for more information; or, you can call Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, at 1-800-449-4900 for more information; or, you can fill out and return the Proof of Claim described in Question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.      What does the settlement provide?**

Diebold and KPMG have agreed to pay or cause to be paid a total of $31,600,000.00 in cash (Diebold: $30 million; KPMG: $1.6 million), plus interest (the "Settlement Fund"). The Settlement Fund, plus interest earned from the date it is established, less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid Proofs of Claim ("Authorized Claimants"). Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Class Members, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, the costs of claims administration, and taxes on the Settlement Fund.

**9.      How much will my payment be?**

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members send in and how many Diebold Publicly Traded Securities you purchased during the relevant period and when you bought and sold them.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, the Class Representatives' counsel conferred with their damages consultants, and the Plan of Allocation reflects an approach to calculation of damages that they believe could potentially have been adopted had the Class Representatives prevailed at trial.[4]

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total

---

[4]      Defendants do not concede any of the factual or legal assertions contained in or underlying the Plan of Allocation.

claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A "Claim" will be calculated as follows:

### *COMMON STOCK*

1.     For shares of Diebold common stock **purchased on or between June 30, 2005 through January 14, 2008**, the claim per share shall be as follows:

      (a)     If sold on or between June 30, 2005 through January 14, 2008, the claim per share shall be the lesser of (i) the inflation in Table A at the time of purchase less the inflation in Table A at the time of sale; and (ii) the difference between the purchase price and the selling price.

      (b)     If retained at the end of January 14, 2008 and sold prior to April 11, 2008, the claim per share shall be the lesser of (i) the inflation in Table A at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below.

      (c)     If retained at the close of trading on April 10, 2008, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation in Table A at the time of purchase and (ii) the difference between the purchase price per share and $30.99 per share.

**TABLE A**

| *TIME PERIOD* | *INFLATION* |
|---|---|
| June 30, 2005 – July 25, 2007 | $5.50 |
| July 26, 2007 – October 1, 2007 | $3.87 |
| October 2, 2007 – December 18, 2007 | $2.75 |
| December 19, 2007 – January 14, 2008 | $0.76 |

**TABLE B**

| DATE | CLOSING PRICE | AVERAGE CLOSING PRICE |
|---|---|---|
| 1/15/2008 | $24.71 | $24.71 |
| 1/16/2008 | $25.15 | $24.93 |
| 1/17/2008 | $24.36 | $24.74 |
| 1/18/2008 | $24.49 | $24.68 |
| 1/22/2008 | $23.71 | $24.48 |
| 1/23/2008 | $24.06 | $24.41 |
| 1/24/2008 | $25.58 | $24.58 |
| 1/25/2008 | $25.03 | $24.64 |
| 1/28/2008 | $25.75 | $24.76 |
| 1/29/2008 | $26.03 | $24.89 |
| 1/30/2008 | $26.05 | $24.99 |
| 1/31/2008 | $25.85 | $25.06 |
| 2/1/2008 | $27.14 | $25.22 |
| 2/4/2008 | $26.70 | $25.33 |
| 2/5/2008 | $25.95 | $25.37 |
| 2/6/2008 | $26.56 | $25.45 |
| 2/7/2008 | $25.09 | $25.42 |
| 2/8/2008 | $25.49 | $25.43 |
| 2/11/2008 | $24.76 | $25.39 |
| 2/12/2008 | $24.89 | $25.37 |
| 2/13/2008 | $25.53 | $25.38 |
| 2/14/2008 | $24.97 | $25.36 |
| 2/15/2008 | $24.94 | $25.34 |
| 2/19/2008 | $25.12 | $25.33 |
| 2/20/2008 | $25.00 | $25.32 |
| 2/21/2008 | $24.65 | $25.29 |
| 2/22/2008 | $24.99 | $25.28 |
| 2/25/2008 | $25.76 | $25.30 |
| 2/26/2008 | $25.80 | $25.31 |
| 2/27/2008 | $25.75 | $25.33 |
| 2/28/2008 | $24.97 | $25.32 |
| 2/29/2008 | $24.12 | $25.28 |
| 3/3/2008 | $38.84 | $25.69 |
| 3/4/2008 | $37.68 | $26.04 |
| 3/5/2008 | $37.62 | $26.37 |
| 3/6/2008 | $37.05 | $26.67 |
| 3/7/2008 | $37.51 | $26.96 |
| 3/10/2008 | $36.89 | $27.22 |
| 3/11/2008 | $37.26 | $27.48 |
| 3/12/2008 | $37.08 | $27.72 |
| 3/13/2008 | $37.30 | $27.96 |
| 3/14/2008 | $36.61 | $28.16 |

892672_1

| DATE | CLOSING PRICE | AVERAGE CLOSING PRICE |
|---|---|---|
| 3/17/2008 | $36.06 | $28.35 |
| 3/18/2008 | $36.34 | $28.53 |
| 3/19/2008 | $36.30 | $28.70 |
| 3/20/2008 | $36.94 | $28.88 |
| 3/24/2008 | $37.00 | $29.05 |
| 3/25/2008 | $36.97 | $29.22 |
| 3/26/2008 | $36.94 | $29.37 |
| 3/27/2008 | $36.70 | $29.52 |
| 3/28/2008 | $37.27 | $29.67 |
| 3/31/2008 | $37.55 | $29.82 |
| 4/1/2008 | $37.50 | $29.97 |
| 4/2/2008 | $37.30 | $30.10 |
| 4/3/2008 | $37.45 | $30.24 |
| 4/4/2008 | $37.90 | $30.38 |
| 4/7/2008 | $37.78 | $30.51 |
| 4/8/2008 | $37.85 | $30.63 |
| 4/9/2008 | $37.93 | $30.76 |
| 4/10/2008 | $38.10 | $30.88 |
| 4/11/2008 | $38.00 | $30.99 |

For example:

      (a)     If you purchased and sold Diebold common stock in the period from June 30, 2005 through July 25, 2007, your claim is zero.

      (b)     If you purchased Diebold common stock at $50.00 per share in the period from June 30, 2005 through July 25, 2007 and sold that share at $44.00 in the period from July 26, 2007 through October 1, 2007, your claim is $1.63 per share (lesser of (i) $50.00 minus $44.00 equals $6.00, and (ii) $5.50 minus $3.87 equals $1.63).

      (c)     If you purchased Diebold common stock at $50.00 per share in the period from June 30, 2005 through July 25, 2007 and held that share at the end of April 10, 2008, your claim is $5.50 per share (lesser of (i) $50.00 minus $30.99 equals $19.01, and (ii) $5.50).

### CALL OPTIONS

1.     For call options on Diebold common stock **purchased** from **June 30, 2005 through January 14, 2008**, and

(a) **held** at the end of any of the following dates: July 25, 2007, October 1, 2007, December 18, 2007 and/or January 14, 2008, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract;

(b) **not held** at the end of any of the following dates:  July 25, 2007, October 1, 2007, December 18, 2007 and/or January 14, 2008, the claim per call option is $0.

2.    For call options on Diebold common stock ***written*** from ***June 30, 2005 through January 14, 2008***, the claim per call option is $0.

### PUT OPTIONS

1.    For put options on Diebold common stock ***written*** from ***June 30, 2005 through January 14, 2008***, and

(a) **held** at the end of  any of the following dates:  July 25, 2007, October 1, 2007, December 18, 2007 and/or January 14, 2008, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

(b) ***not held*** at the end of any of the following dates:  July 25, 2007, October 1, 2007, December 18, 2007 and/or January 14, 2008, the claim per put option is $0.

2.    For put options on Diebold common stock ***purchased*** from ***June 30, 2005 through January 14, 2008***, the claim per put option is $0.

Note:    In the case the option was exercised for Diebold common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using Diebold common stock's closing price on the date the option was exercised.

Note:        The combined recovery for the put/call options shall not exceed 3% of the Net Settlement Fund.

For Class Members who held Diebold Publicly Traded Securities at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of Diebold Publicly Traded Securities during the Class Period will be matched against the same type of security, in chronological order, first against securities held at the beginning of the Class Period. The remaining sales of Diebold Publicly Traded Securities during the Class Period will then be matched, in chronological order, against like Diebold Publicly Traded Securities purchased during the Class Period.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Diebold Publicly Traded Securities during the Class Period are subtracted from all losses. However, the proceeds from sales of Diebold Publicly Traded Securities which have been matched against Diebold Publicly Traded Securities held at the beginning of the Class Period will not be used in the calculation of such net loss.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against any Class Representative, any Plaintiffs' Counsel, any claims administrator or other Person designated by Class Representatives' counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. Defendants, their Related Parties, the Released Persons and their counsel have no involvement in or responsibility for

and no liability of any kind with respect to the Plan of Allocation, the calculation of claims, or the handling of, disbursement from, or distribution of the Settlement Fund or the Net Settlement Fund. All Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any order and/or judgment entered and the releases given.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**10.     How will I get a payment?**

To qualify for a payment, you must send in a Proof of Claim.  A Proof of Claim is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2014.

**11.     When would I get my payment?**

The Court will hold a hearing on _____, 2014, at _____, to decide whether to approve the settlement.  If Judge Pearson approves the settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year.  It also takes time for all the claim forms to be processed.  If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund as early as nine months after the fairness hearing.  Please be patient.

**12.     What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or about issues that could have been asserted in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your Released Claims in

this case against the Released Persons. "Released Claims" means all claims (including "Unknown Claims" as defined in the Stipulation), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgment, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees and any other costs, expenses, amounts or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature concerning, based on, arising out of, in connection with or relating in any way to both: (1) the purchase of Diebold Publicly Traded Securities by Class Representatives or any Class Member during the Class Period; and (2) the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions or failures to act that were or could have been alleged by Class Representatives or any Class Member in the Litigation or that otherwise would have been barred by *res judicata* had the Litigation been fully litigated to a final judgment. Released Claims do not include claims to enforce the settlement.

"Unknown Claims" means all claims, demands, rights, liabilities and causes of action of every nature and description which the Class Representatives or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its decision to enter into this settlement and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release,**

**which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, or which otherwise governs or limits a person's release of unknown claims. The Class Representatives and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Representatives shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, liquidated or unliquidated, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

"Released Persons" means each and all of the Defendants, and each and all of their Related Parties.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same issues in this case, then you must take

- 15 -

steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13. How do I get out of the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP. You must include your name, address, telephone number, and signature; the number of shares of Diebold common stock you owned as of the end of the day on June 29, 2005; the number of shares of Diebold common stock and/or put and call options you purchased and sold between June 30, 2005 and January 14, 2008, inclusive; the date of each such purchases and sale; and the price paid or received for each such purchase and sale. You must mail your exclusion request postmarked no later than _____, 2014 to:

> *Diebold Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

You cannot exclude yourself on the phone or by e-mail. If you properly ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

### 14. If I do not exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves. Remember, the exclusion deadline is _____, 2014.

### 15. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, do not send in a Proof of Claim to ask for any money. Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

892672_1

## THE LAWYERS REPRESENTING YOU

**16.    Do I have a lawyer in this case?**

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you and other Class Members.  These lawyers are called Lead Counsel.  These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How will the lawyers be paid?**

At the fairness hearing, Class Representatives' counsel will request the Court to award attorneys' fees of approximately 22%, or $6,870,000, of the Settlement Fund and for expenses up to $230,000, which have been incurred in connection with the Litigation.  If awarded, the cost of the counsel fees and expenses would be approximately $.08 per share.  This compensation will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  To date, Class Representatives' counsel have not received any payment for their services in conducting this Litigation on behalf of the Class Representatives and the Class, nor have counsel been paid for their expenses.  The fee requested will compensate Class Representatives' counsel for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement, the Plan of Allocation, or Class Representatives' counsel's request for an award of attorneys' fees and expenses.

**18.    How do I tell the Court that I do not like the settlement?**

If you are a Class Member (and you have not excluded yourself), you can object to the settlement, the request for attorneys' fees and expenses, or the Plan of Allocation if you do not like any part of it.  You can give reasons why you think the Court should not approve the settlement, the

request for attorneys' fees and expenses, or the Plan of Allocation. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed settlement in *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP. Be sure to include your name, address, telephone number, and signature; the number of shares of Diebold Publicly Traded Securities purchased between June 30, 2005 and January 14, 2008, inclusive; and the reasons you object to the settlement, the requested attorneys' fees and expenses, or the Plan of Allocation. Any such objection must be mailed or delivered such that it is received by each of the following no later than _____, 2014:

*Court*:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION
125 Market Street
Youngstown, OH 44503

*Class Representatives' counsel*:

ROBBINS GELLER RUDMAN & DOWD LLP
DEBRA J. WYMAN
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101

*Defendants' counsel*:

BAKER & HOSTETLER LLP
JOHN J. CARNEY
FRANCESCA M. HARKER
45 Rockefeller Plaza
New York, NY 10111

*Attorneys for Defendant Kevin J. Krakora*

JONES DAY
JOHN M. NEWMAN, JR.
GEOFFREY J. RITTS
ADRIENNE FERRARO MUELLER
KRISTIN S.M. MORRISON
North Point
901 Lakeside Avenue
Cleveland, OH  44114

*Attorneys for Defendant Diebold, Inc.*

MCDERMOTT WILL & EMERY LLP
STEVEN S. SCHOLES
WILLIAM P. SCHUMAN
JEFFREY A. ROSSMAN
JEFFREY BALTRUZAK
227 W. Monroe Street
Chicago, IL  60606-5096

*Attorneys for Defendant Gregory T. Geswein*

VORYS, SATER, SEYMOUR AND PEASE LLP
DAVID J. TOCCO
RAJEEV K. ADLAKHA
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, OH  44114-1742

*Attorneys for KPMG LLP*

**19.    What is the difference between objecting and excluding myself from the settlement?**

Objecting is telling the Court that you do not like something about the proposed settlement. You can object ***only*** if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer applies to you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend, but you do not have to.

**20.     When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing at _____, on _____, 2014, at the United States District Court, Northern District of Ohio, Eastern Division, 313 Thomas D. Lambros United States Federal Building and Courthouse, 125 Market Street, Youngstown, Ohio 44503. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court also will decide whether to approve the payment of fees and expenses to Lead Counsel and the Plan of Allocation. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

**21.     Do I have to come to the hearing?**

No. Lead Counsel will answer questions Judge Pearson may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You also may pay your own lawyer to attend, but you are not required to do so.

**22.     May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing. To do so, you must send a letter saying that it is your intention to appear in *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP. Be sure to include your name, address, telephone number, and signature, and the number of Diebold Publicly Traded Securities purchased between June 30, 2005 and January 14, 2008, inclusive. Your notice of intention to appear must be received no later than _____, 2014 by the Clerk of the Court, Lead Counsel, and

Defendants' counsel, at the addresses listed in the answer to Question 18. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**23.     What happens if I do nothing at all?**

If you do nothing, you will get no money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same issues in this case.

## GETTING MORE INFORMATION

**24.     Are there more details about the settlement?**

This Notice summarizes the proposed settlement. More details are in the Stipulation dated November 8, 2013, which has been filed with the Court. You can print a copy of the Stipulation at the Clerk's office at the United States District Court, Northern District of Ohio, Eastern Division, 125 Market Street, Youngstown, Ohio 44503, if you appear during regular business hours and pay 10 cents per page. The Stipulation is 44 pages. It is also available at www.gilardi.com, or you can contact a representative of Lead Counsel at the number and address below in the answer to Question 25.

**25.     How do I get more information?**

You can call 1-800-449-4900 or write to a representative of Lead Counsel, Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or visit the Claims Administrator's website at www.gilardi.com. *Please do not call the Court or the Clerk of the Court for additional information about the settlement.*

## SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

26.     If you hold any Diebold common stock or put and call options, purchased between June 30, 2005 and January 14, 2008, inclusive, as a nominee for a beneficial owner, then, within ten

(10) days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Diebold Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2013     BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF OHIO,
                                        EASTERN DIVISION


EXHIBIT A-2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 1:10-cv-01461-BYP <br><br> CLASS ACTION <br><br> Judge Benita Y. Pearson |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| KPMG, LLP, et al., | ) ) | |
| Defendants. | ) ) ) | |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

# I.     GENERAL INSTRUCTIONS

1.      To recover as a member of the Class based on your claims in the action entitled *Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*, No. 1:10-cv-01461-BYP (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 2014, ADDRESSED AS FOLLOWS:

*Diebold Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim.

4.      If you are a Member of the Class and you do not timely request exclusion in connection with the proposed settlement, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

# II.    CLAIMANT IDENTIFICATION

If you purchased Diebold, Inc. ("Diebold" or the "Company") common stock and/or put and call options (collectively, "Diebold Publicly Traded Securities") during the period from June 30,

2005 through and including January 14, 2008, and held the securities in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Diebold Publicly Traded Securities that were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Diebold Publicly Traded Securities which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE DIEBOLD PUBLICLY TRADED SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, guardian, conservator and/or trustee), you must complete and sign this claim on behalf of the persons so represented, evidence of your authority must accompany this claim, and your titles or capacities must be stated. Such evidence of authority would include, for example, letters testamentary, letters of administration, or a copy of the trust documents. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-877-567-4781 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims

Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III. CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Diebold Publicly Traded Securities" to supply all required details of your transaction(s) in Diebold Publicly Traded Securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **_all_** your purchases and sales of shares of Diebold common stock between June 30, 2005 and April 10, 2008, inclusive and **_all_** your purchases and sales of other Diebold Publicly Traded Securities which took place at any time between June 30, 2005 and January 14, 2008, in each instance, whether such transactions resulted in a profit or loss. You must also provide all of the requested information with respect to **_all_** shares of Diebold common stock you held at the close of trading on June 29, 2005, January 14, 2008, and April 10, 2008. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Diebold common stock. The date of a "short sale" is deemed to be the date of sale of Diebold common stock.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Diebold Publicly Traded Securities should be attached to your claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to

provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

*Louisiana Municipal Police Employees Retirement System v. KPMG, LLP, et al.*,

No. 1:10-cv-01461-BYP

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2014

<u>Please Type or Print</u>

PART I:          CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                                             State or Province

_____        _____

Zip Code or Postal Code                              Country

_____    _____     Individual
                                                            _____     Corporation/Other
Social Security Number or
Taxpayer Identification Number

_____    _____

Area Code                       Telephone Number (work)

_____    _____

Area Code                       Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II: SCHEDULE OF TRANSACTIONS IN DIEBOLD PUBLICLY TRADED SECURITIES

1. Common Stock

A. Number of shares of Diebold common stock held at the close of trading on June 29, 2005: _____.

B. Purchases of shares of Diebold common stock between June 30, 2005 and April 10, 2008, inclusive:

| Trade Date Mo. Day Year | Number of Securities Purchased | Total Purchase Price |
|---|---|---|
| 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C. Sales of shares of Diebold common stock between June 30, 2005 and April 10, 2008, inclusive:

| Trade Date Mo. Day Year | Number of Securities Sold | Total Sales Price |
|---|---|---|
| 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ |

D. Number of shares of Diebold common stock held at the close of trading on January 14, 2008: _____.

E. Number of shares of Diebold common stock held at the close of trading on April 10, 2008: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print or type your name on each additional page.

2.      Schedule of Transactions in Diebold Options

## PURCHASES/REPURCHASES

A.  I made the following purchase/repurchase of options on Diebold common stock during the period from June 30, 2005 through January 14, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) | Number of Option contracts acquired | Expiry Date (Month/Year) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ○ Put ○ Call | M M D D Y Y | | M M Y Y | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |

## SALES/WRITTEN

B.  I made the following sales/written options on Diebold common stock during the period from June 30, 2005 through January 14, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) | Number of Option contracts acquired | Expiry Date (Month/Year) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ○ Put ○ Call | M M D D Y Y | | M M Y Y | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

- 7 -

YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Ohio with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase of Diebold Publicly Traded Securities and know of no other person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Persons as provided in the Stipulation of Settlement.

2.    "Related Parties" means, with respect to each Defendant, any and all of their past, present and future families, parent entities, subsidiaries, associates, affiliates, predecessors, successors and/or assigns and each of their respective past, present and future officers, directors, executives, partners, representatives, employees, attorneys, financial or investment advisors, underwriters, consultants, accountants, auditors, investment bankers, commercial bankers, insurers, re-insurers, agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, assigns and/or any representatives of any of these persons or entities.

881512_3

3.	"Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees and any other costs, expenses, amounts or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature concerning, based on, arising out of, in connection with or relating in any way to both: (1) the purchase of Diebold Publicly Traded Securities by Class Representatives or any Class Member during the Class Period; and (2) the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions or failures to act that were or could have been alleged by Class Representatives or any Class Member in the Litigation or that otherwise would have been barred by *res judicata* had the Litigation been fully litigated to a final judgment.  Released Claims do not include claims to enforce the settlement.

4.	"Released Persons" means each and all of the Defendants, and each and all of their Related Parties.

5.	"Unknown Claims" means all claims, demands, rights, liabilities and causes of action of every nature and description which the Class Representatives or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its decision to enter into this settlement and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly waive, and each of the Class

Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, or which otherwise governs or limits a person's release of unknown claims. The Class Representatives and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Representatives shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, liquidated or unliquidated, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

6. This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the settlement becomes effective on the Effective Date.

7.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of shares of Diebold common stock between June 30, 2005 and April 10, 2008, inclusive, and both purchases and sales of other Diebold Publicly Traded Securities between June 30, 2005 and January 14, 2008, inclusive; as well as my (our) holdings of Diebold Publicly Traded Securities held by me (us) at the close of trading on June 29, 2005 and January 14, 2008, and the number of shares of Diebold common stock held by me (us) at the close of trading on April 10, 2008.

9.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
                                                             (Month/Year)

in _____
            (City)                              (State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.      Please sign the above release and declaration.

2.      Remember to attach supporting documentation, if available.

3.      Do not send original stock certificates.

4.      Keep a copy of your claim form for your records.

5.      If you desire an acknowledgment of receipt of your claim form, please send it
Certified Mail, Return Receipt Requested.

6.      If you move, please send us your new address.

881512_3


EXHIBIT A-3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 1:10-cv-01461-BYP <u>CLASS ACTION</u> Judge Benita Y. Pearson |
| Plaintiff, | ) | |
| vs. | ) ) | |
| KPMG, LLP, et al., | ) ) | |
| Defendants. | ) ) ) | |

SUMMARY NOTICE

EXHIBIT A-3

TO:     ALL PERSONS WHO PURCHASED DIEBOLD, INC. ("DIEBOLD") COMMON STOCK
        AND/OR PUT AND CALL OPTIONS BETWEEN JUNE 30, 2005 AND JANUARY 14,
        2008, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District

Court for the Northern District of Ohio, Eastern Division, a hearing will be held on

_____, 2014, at __:__ __.m., before the Honorable Benita Y. Pearson, at the United

States District Court for the Northern District of Ohio, Eastern Division, 313 Thomas D. Lambros

United States Federal Building and Courthouse, 125 Market Street, Youngstown, Ohio 44503, for

the purpose of determining: (1) whether the proposed settlement of the Litigation for the sum of

$31,600,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether,

thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in

the Stipulation of Settlement dated as of November 8, 2013; (3) whether the Plan of Allocation of

settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the

reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses

incurred in connection with this Litigation, together with interest thereon.

If you purchased Diebold common stock, and/or put and call options, between June 30, 2005

and January 14, 2008, inclusive, your rights may be affected by this Litigation and the settlement

thereof.  If you have not received a detailed Notice of Proposed Settlement of Class Action and a

copy of the Proof of Claim and Release form, you may obtain copies by writing to *Diebold*

*Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA

94912-8040, or by downloading this information at www.gilardi.com.  If you are a Class Member, in

order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and

Release form postmarked no later than _____, 2014, establishing that you are entitled to a

recovery.  You will be bound by any judgment rendered in the Litigation unless you request to be

excluded, in writing, to the Claims Administrator at the above address, postmarked by _____, 2014.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no later than _____, 2014, and *received* by the following no later than _____, 2014:

ROBBINS GELLER RUDMAN
   & DOWD LLP
DEBRA J. WYMAN
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101

*Lead Counsel for Class Representatives*

BAKER & HOSTETLER LLP
JOHN J. CARNEY
FRANCESCA M. HARKER
45 Rockefeller Plaza
New York, NY 10111

*Attorneys for Defendant Kevin J. Krakora*

JONES DAY
JOHN M. NEWMAN, JR.
GEOFFREY J. RITTS
ADRIENNE FERRARO MUELLER
KRISTIN S.M. MORRISON
North Point
901 Lakeside Avenue
Cleveland, OH 44114

*Attorneys for Defendant Diebold, Inc.*

MCDERMOTT WILL & EMERY LLP
STEVEN S. SCHOLES
WILLIAM P. SCHUMAN
JEFFREY A. ROSSMAN
JEFFREY BALTRUZAK
227 W. Monroe Street
Chicago, IL 60606-5096

*Attorneys for Defendant Gregory T. Geswein*

VORYS, SATER, SEYMOUR AND PEASE LLP
DAVID J. TOCCO
RAJEEV K. ADLAKHA
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, OH 44114-1742

*Attorneys for KPMG LLP*

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2013          BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          NORTHERN DISTRICT OF OHIO
                                          EASTERN DIVISION

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 14, 2013.

s/ Debra J. Wyman
DEBRA J. WYMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: debraw@rgrdlaw.com

# Mailing Information for a Case 1:10-cv-01461-BYP Louisiana Municipal Police Employees Retirement System v. KPMG LLP et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rajeev K. Adlakha**
  rkadlakha@vorys.com,smromanin@vorys.com

- **Jeffrey D. Baltruzak**
  jbaltruzak@mwe.com

- **Jonathan R. Barr**
  jbarr@bakerlaw.com

- **Fritz E. Berckmueller**
  fberckmueller@calfee.com,mkucharson@calfee.com,ezell@calfee.com

- **Terry M. Brennan**
  tbrennan@bakerlaw.com,kwangsgard@bakerlaw.com,fharker@bakerlaw.com,gcurbelo@bakerlaw.com,bhlitdocket@bakerlaw.com

- **John J. Carney**
  jcarney@bakerlaw.com

- **Susannah R. Conn**
  sconn@rgrdlaw.com

- **Virginia A. Davidson**
  vdavidson@calfee.com

- **Francesca M. Harker**
  fharker@bakerlaw.com

- **Geoffrey M. Johnson**
  gjohnson@scott-scott.com,jguglielmo@scott-scott.com,tcrockett@scott-scott.com,dbroggi@scott-scott.com,efile@scott-scott.com

- **Jack Landskroner**
  jack@lgmlegal.com,debra@lgmlegal.com

- **Jeffrey J. Lauderdale**
  jlauderdale@calfee.com,dmichalski@calfee.com

- **Jeffrey D. Light**
  jeffl@rgrdlaw.com,jstark@rgrdlaw.com

- **Kristin S.M. Morrison**
  kmorrison@jonesday.com,hjhockenberry@jonesday.com

- **Adrienne F. Mueller**
  afmueller@jonesday.com,nmadamczyk@jonesday.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com

- **John M. Newman , Jr**
  jmnewman@jonesday.com,nmadamczyk@jonesday.com,pgarver@jonesday.com

- **John D. Parker**
  jparker@bakerlaw.com,lreece@bakerlaw.com

- **Geoffrey J. Ritts**
  gjritts@jonesday.com,nmadamczyk@jonesday.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Jeffrey A. Rossman**
  jrossman@mwe.com,deberry@mwe.com

- **Steven S. Scholes**
  sscholes@mwe.com

- **William P. Schuman**
  wschuman@mwe.com,bolvera@mwe.com

- **David J. Tocco**
  djtocco@vorys.com,kshowe@vorys.com

- **Michael N. Ungar**
  mungar@ulmer.com,mcrick@ulmer.com

- **Daniel R. Warren**
  dwarren@bakerlaw.com

- **Robert N. Webner**
  rnwebner@vorys.com

- **Debra J. Wyman**
  debraw@rgrdlaw.com,stremblay@rgrdlaw.com

- **Melissa L. Zujkowski**
  mzujkowski@ulmer.com,rbrumfield@ulmer.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Phillip          A. Brown
Vorys, Sater, Seymour & Pease - Columbus
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Kathryn          E. Schill
INVALID ADDRESS - Baker & Hostetler - Cleveland
3200 PNC Center
1900 East Ninth Street
Cleveland, OH 44114
```