UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>KPMG, LLP, et al.,<br><br>　　　　　　　　Defendants. | No. 1:10-cv-01461-BYP<br><br>CLASS ACTION<br><br>Judge Benita Y. Pearson |

[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

LANDSKRONER • GRIECO • MERRIMAN, LLC
JACK LANDSKRONER (0059227)
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: 216/522-9000
216/522-9007 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
　& DOWD LLP
DEBRA J. WYMAN
SUSANNAH R. CONN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

922194_1

This matter came before the Court for hearing on March 19, 2014 pursuant to the Orders signed by the Court on November 14, 2013 and November 20, 2013 ("Orders") on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of November 8, 2013 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Orders, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:

    (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable;

    (b) there are questions of law and fact common to the Class;

    (c) the claims of the Class Representatives are typical of the claims of the Class;

    (d) the Class Representatives and their counsel have fairly and adequately represented the interests of the Class and will continue to do so;

    (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual members of the Class; and

    (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

922194_1

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Building Trades United Pension Trust Fund and Alaska Electrical Pension Fund are certified as Class Representatives, and Robbins Geller Rudman & Dowd LLP is appointed as Lead Counsel for the Class.

5. The Court hereby finally certifies, for settlement purposes only, a Class defined as: "All Persons who purchased Diebold Publicly Traded Securities between June 30, 2005 and January 14, 2008, inclusive. Excluded from the Class are Defendants, members of the immediate families of Defendants, as well as the officers and directors of Diebold and KPMG during the Class Period, and members of their immediate families. Also excluded from the Class are those Persons who properly excluded themselves by timely and validly requesting exclusion in accordance with procedures set forth in the Notice, as listed on Exhibit 1 annexed hereto."

6. The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice constituted due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Securities Act of 1933, as amended, the Securities Exchange Act of 1934, as amended, due process, and any other applicable law.

7. Defendants have filed a Declaration of Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715. Defendants timely mailed notice of the settlement agreement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all states in which members of the Class reside. The notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

- 2 -

922194_1

8.  The settlement is the product of substantial, good faith, arm's-length negotiations between and among the parties to the Litigation, and pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation as fair, reasonable, and adequate.

9.  Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice and without costs as to any party, except as and to the extent otherwise provided in the Stipulation and herein.

10. All persons who have not made their objections to the settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack or otherwise.

11. Upon the Effective Date hereof, the Class Representatives and all Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Representative or Class Member executes and delivers a Proof of Claim and Release form.

12. The Class Representatives and all Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

13. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, except for claims to enforce the Stipulation or this Order.

14. Neither the Plan of Allocation submitted by Lead Counsel or approved by the Court nor any order entered regarding any attorneys' fee and expense application shall in any way disturb or affect this Judgment; each shall be considered separate from this Judgment.

15. This Judgment and all provisions thereof, and the settlement, shall bind each Class Member (specifically excluding the persons listed on Exhibit 1 annexed hereto) whether or not that Class Member files a Proof of Claim and Release or receives an allocation of settlement proceeds. All Class Members who have failed to properly file timely and valid requests for exclusion (to opt out) from the Class release and forever discharge the Released Persons from all Released Claims as provided in the Stipulation.

16. Defendants and other Released Persons, including their respective insurers, shall have no responsibility for the Plan of Allocation or the administration of the settlement and shall have no liability to the Lead Plaintiff, the Class Representatives, the Class, any Class Member or Lead Counsel in connection with the Plan of Allocation or the administration of the settlement.

17. Neither this Judgment nor the Stipulation or the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement, nor any of the negotiations or proceedings connected with either of them shall be:

   (a) offered against any Defendant or any other Released Persons as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by the Class Representatives and the Class Members or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

   (b) offered against any Defendant or any other Released Persons as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any

statement or written document approved or made by any Defendant, or against the Class Representatives or any Class Member as evidence of any infirmity in the claims of the Class Representatives and the Class;

(c) offered against any Defendant or any other Released Persons as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Order; provided, however, that Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(d) construed against Defendants or any other Released Persons, the Class Representatives or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

19. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated

- 6 -

and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: __March 19, 2014__  /s/ Benita Y. Pearson
THE HONORABLE BENITA Y. PEARSON
UNITED STATES DISTRICT JUDGE